(91 South. 320)

### SYKES v. WOOD.   (8 Div. 372.)

(Supreme Court of Alabama.   Oct. 20, 1921.)

**1. Trial** ⊜260(3)—**Instruction held sufficient to charge burden of proof.**

In an action of detinue where the issue was whether plaintiff's gift of a ring to defendant was conditioned upon their engagement to marry, and the court charged the jury that if they believed that, when plaintiff gave defendant the ring, they were not engaged, their verdict should be for the defendant, sufficiently covered the requested instruction that the burden was on plaintiff to show that he was engaged to defendant when he sent the ring, and refusal of the request was harmless.

**2. Detinue** ⊜18—**Burden on plaintiff to show value of chattel.**

In detinue the burden is on plaintiff to show prima facie the value of the chattel sued for.

**3. Evidence** ⊜474(19)—**Owner incompetent to testify as to value where no knowledge thereof is shown.**

Where, in an action of detinue for a ring, plaintiff stated that he had no knowledge of its value, his opinion as to the value was inadmissible, though a jeweler had told him what the quality and value were.

**4. Evidence** ⊜543(4)—**Testimony of expert as to value of diamond not incompetent, though it is not present for inspection.**

A jeweler qualified to testify as to the value of a diamond ring is not rendered incompetent by absence of opportunity to inspect the ring.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Detinue by W. J. Wood against Estella Sykes. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The court gave at the request of the appellant, the following charge:

(3) If the jury believe from the evidence that, when Dr. Wood sent Miss Sykes the ring, they were not engaged, but that Dr. Wood was merely trying out his luck, then the verdict will be for the defendant.

The court refused the following charges to the appellant:

(1) If the jury believe from the evidence that Dr. Wood was not engaged to Miss Sykes, at the time of the gift, the verdict will be for the defendant.

(2) The burden is on Dr. Wood to prove that the parties were engaged when the ring was sent to the defendant.

E. W. Godbey, of Decatur, for appellant.

The court erred in permitting Dr. Brown to testify as to the value of the ring. 101 Ala. 213, 13 South. 272; 150 Ala. 167, 43 South. 747; 87 N. C. 367, 42 Am. Rep. 525. Nelson was not a competent witness as to value. 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; 88 Ala. 457, 6 South. 877. The court erred in refusing defendant's charges. 2 Atkyn, 409.

Wert & Hutson, of Decatur, for appellee.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. Detinue, instituted by appellee against appellant, to recover a

diamond ring or its value. The plaintiff prevailed, the value of the ring being fixed by the jury at $125.

[1] The controlling issue was whether appellee made an unconditional gift of the ring to appellant on Christmas Day, 1918, as appellant contended was the fact, or, according to appellee's contention, whether the ring was sent to appellant by appellee as a "token" of their engagement to be married, and hence, if a gift at all, a gift upon condition which, failing, left appellee with the title to the ring and the right to its immediate possession. If the appellant was correct in her contention, her reception of the ring from appellee was an unconditional gift, and the plaintiff was not entitled to recover. If, on the other hand, the delivery of the ring was as an emblem of their engagement to marry, then appellee was entitled to recover; the condition being unfulfilled or broken. The court so instructed the jury; and the jury resolved the issue in favor of the appellee's (plaintiff's) contention. Considered as a whole, the oral charge of the court efficiently covered the subject of requested instruction, refused to appellant, stating that the burden of proof was on the appellee to show that these parties were "engaged" when the ring was sent to appellant. Hence no finding of prejudicial error can be predicated of the refusal of the requested instruction indicated, numbered 2.

By giving appellant's special charge 3 the court's refusal of appellant's request numbered 1 was rendered harmless, even if its refusal was error at all.

[2-4] Upon a plaintiff in an action of detinue is the burden of presenting evidence, at least prima facie, of the value of the chattel sued for. The court erred in overruling appellant's objection to the question calling for appellee's opinion of the "worth" of the ring in August, 1918. The appellee had shown, affirmatively, that he had no knowledge in the premises, and that he was not qualified to form an opinion of the market value of diamond rings at any time. McAllister v. Matthews, 150 Ala. 167, 173, 43 South. 747. And the better view is that the appellee's opinion of the value of the diamond ring was not rendered competent by the fact that he had been told by a person qualified in the premises what the quality and value of the ring was. 13 Ency. of Evi. pp. 511, 512. The ring, in the possession of appellant (defendant), should have been submitted to the inspection of Jeweler Nelson in order to give practical effect, in the concrete case, to his opinion. The absence of opportunity for inspection of the ring by Nelson did not, however, render Nelson incompetent or "ineligible" as a witness.

While, in view of the error indicated, it is not necessary to pass upon the grounds of the motion for new trial raising the question of the relative weight of the evidence on the issue of fact stated, yet it is not inappropriate to observe that there is in the record no such preponderance of the evidence against the verdict as would warrant the court in affirming error in that particular.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.