(130 So. 525)

**PARKER v. STATE.**

**4 Div. 484.**

Court of Appeals of Alabama.

Aug. 19, 1930.

Rehearing Denied Oct. 7, 1930.

M. A. Owen and J. C. Fleming, both of Elba, and M. S. Carmichael, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**BRICKEN, P. J.**

Upon an indictment, which charged the offense of murder in the first degree, this appellant was tried and convicted of manslaughter in the first degree, and his punishment fixed at ten years in the penitentiary. From the judgment of conviction he appealed.

Upon the trial it was shown by the undisputed evidence that Henry Spurlin, the deceased named in the indictment, was shot with a pistol by this appellant, and his death resulted from said shots.

When arraigned, the defendant interposed dual pleas: (1) "Not guilty." (2) "Not guilty by reason of insanity." Under the first plea, the killing complained of being admitted, the accused undertook to justify the act upon the law of self-defense. The second, or special, plea was manifestly interposed, and relied upon on the theory, if from the evidence plea 1 was unavailable to the accused, that plea 2, would be operative in his behalf upon the humane provision of the law as announced in Douglass v. State, 21 Ala. App. 289, 295, 107 So. 791, 797, wherein it was stated: "It is not the purpose of the law to hold a totally irresponsible person, a person of disordered and deranged mind, accountable for his acts. Such would be unconscionable, and no state in this Union, nor has any civilized country, ever established such a rule or precedent."

We will discuss this case in the order of the pleas above stated.

The first question therefore is, Was the defendant justifiable, under the law of self-defense, for having taken the life of the deceased? The law pertaining to self-defense has been so often stated by the appellate courts of this state, and is so well understood, we will not here undertake to elaborate upon or discuss its several elements any more than is necessary.

The evidence for the state tended to show that appellant shot and killed the deceased, Henry Spurlin; the shooting occurred at night on the streets of Elba in front of a store occupied by one Wyrosdick; that Spurlin operated a picture show about three doors from Wyrosdick, and at about 11 o'clock on the night of the difficulty he (Spurlin) went into the Wyrosdick store to make a purchase; that at the time he entered this store this appellant, who was already in there, got up and walked out of the door and was on the outside when the deceased came out, and immediately thereafter some words were heard, accompanied by sounds as if a tussle was being had between the parties, then followed the two pistol shots by defendant which caused the death complained of; that Spurlin was unarmed at the time of the shooting; and that Parker, appellant, had been drink-

ing. In his dying declaration, Spurlin stated to witness Grissett, chief of police: "I was not expecting any trouble at the time. I came out of the picture show and walked into Mr. Wyrosdick's store and asked him if he had a certain brand of flour, and he didn't have that brand and I came out and looked down to see Harper's store, it wasn't open and I came on back and as I approached Mr. Parker he cursed me and pushed at me and as I looked up he shot me. When he shot I grabbed his pistol and he shot again and jerked aloose. The powder burns here on my hand were caused when I caught the pistol. I hit at Mr. Parker but don't know whether I hit him or not. Parker called me a God damn son-of-a-bitch."

The evidence given by defendant tended to show that the deceased was armed with a pistol and struck him on the head with it before he drew his pistol and killed him. In his confession to K. C. Grissett, defendant stated: "Mr. Spurlin cursed me and hit me and I shot him." Appellant also testified as to certain alleged threats by deceased against him, and which had been communicated to him before the difficulty.

■ From the foregoing, and as shown by the record, the evidence as to material facts was in sharp conflict presenting therefore questions for the determination of the jury.

■ Appellant complains the court erred in allowing evidence of dying declarations by the deceased after he had been mortally wounded, on the ground that no sufficient predicate had been laid. The question of the admissibility of dying declarations, is for the court's determination. The jury passes upon their credibility and sufficiency, but not upon their admissibility. Here the court acting within this province held the dying declarations admissible. In this we are of the opinion the ruling was correct. The record shows witness Grissett stated that Spurlin, deceased, was seriously shot, and at the time he made the statement or declaration he was suffering badly; he was suffering seriously, and the declaration was made just before they took him to the hospital. The statement was, "He has got me." He died from these wounds within two or three days thereafter. To witness Jackson deceased stated (quoting from the record): "I went in and spoke to him and asked him how he was getting along and he said 'mighty bad'; he said that 'he didn't feel as if he could get over his shots' —'he said he didn't think he could get well.' " From these statements and others of like import we are convinced the rule governing the admissibility of this character of testimony was sufficiently met, that at the time of making of these statements the deceased was under the belief of his impending death.

There is no merit in appellant's insistence under proposition No. 2, for the reason that the mental condition of the declarant as to his impending death controls, and not what his physicians or father may have thought as to his approaching dissolution.

In connection with plea 1, that of self-defense, and plea 2, insanity, the appellant insists that in numerous instances the court erred in refusing to appellant the large number of special written charges in the record marked or indorsed "Refused." It is provided by section 9509 of the Code 1923, the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law is substantially and fairly given to the jury in the court's oral charge or in charges given at the request of parties.

■ We have carefully read the oral charge of the court, which covers twelve full pages of this transcript. No exceptions were reserved to any portion of this charge, nor does it appear that exceptions thereto would have been in point, for it is an unusually able, full, and explicit charge upon every phase of the law governing this case, and of itself would seem to fairly and substantially cover the refused charges, but as to this we are not called upon to determine, for the reason it affirmatively appears from the record that a number of special written charges were given at the request of the defendant. However, the given charges are not set out, and the assumption will be indulged that, if any of the refused charges were not fairly and substantially covered by the oral charge of the court, they were so covered by the charges given at the instance of the defendant. Unless it affirmatively appears to the contrary, this court will assume that the lower court properly discharged its duty in connection with this and other matters.

On the issue involved under defendant's plea of "not guilty by reason of insanity," we note that several exceptions were reserved to the court's rulings on the admission of evidence. The exceptions are without merit. The rules governing each of these questions are stated in the case of Douglass v. State, supra, and in our opinion the trial court, in each of the rulings complained of, followed the rules as therein laid down.

The attack upon the indictment cannot be sustained, for the reason that the record before us, and by which we are to be governed, shows no error or irregularity in this connection.

We are of the opinion that upon each of the issues involved the accused was accorded a fair and impartial trial and that the issues of fact presented thereunder were without error submitted to the jury for determination.

Affirmed.