156 So. 848

## SEYMOUR v. SWEET.
### 6 Div. 589.

Supreme Court of Alabama.
Oct. 11, 1934.

Howard H. Sullinger, of Bessemer, for appellee.

Hiram Dodd and Graydon L. Newman, both of Birmingham, for appellant.

GARDNER, Justice.

Suit in detinue for recovery of a ring. Defendant was shown to have had the ring in his possession a few days before institution of the suit, and such possession presumably continued until some proof to the contrary appears. Downs v. Bailey, 135 Ala. 329, 33 So. 151. Nothing to the contrary appearing, the above-noted proof sufficed as to defendant's possession. Moreover, by virtue of our statute (section 7404, Code 1923), the plea of the general issue interposed admitted possession at the time the suit was brought.

Plaintiff's evidence places the value of the ring at $50. Expert testimony was unnecessary if plaintiff so testifying had sufficient opportunity to form an opinion. Section 7656, Code 1923; Lincoln Reserve Life Ins. Co. v. Armes, 215 Ala. 407, 110 So. 818. There is nothing here presented challenging the proof in that regard, and the argument there was not sufficient proof as to value is without merit.

The argument that the parol agreement to deliver the ring contradicted the written release is rested upon the assumption, it seems, that the writing was before the court. The written release does not appear in the record, which precludes an intelligent review here of

**300**

the argued question. But this aside, and considering the question, as discussed by counsel, it does not appear the rule against varying a written contract by parol has been violated. The writing at most, as best we can gather from all the proof, was but a release for rent at a reduced compromise amount.

But plaintiff had brought suit, incurring cost and attorney's fee, and to reimburse him this outlay he insists defendant agreed to give him the ring, which formed merely a part of the compromise agreement. Considering all that can be found in the record concerning the written release, we find nothing justifying a conclusion that the agreement as to the ring referred to above in any manner conflicts therewith. One would appear to be a release of the rent actually due, and the other the consideration for the dismissal of the suit.

■ Nor is there merit in the suggestion that the agreement violated any provision of the statute of frauds.

Plaintiff insists the attorney's fee was an obligation assumed by defendant in his lease, which, of course, would constitute the same a part of defendant's indebtedness.

The assignments of error are rested upon overruling of the motion for a new trial, and the several grounds thereof, which we have in a general way here reviewed.

We find nothing in any of these matters that would justify a reversal of the judgment rendered. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.