166 So. 20

## PETERSON v. STATE.

### 3 Div. 153.

Supreme Court of Alabama.

Jan. 30, 1936.

Rehearing Denied March 5, 1936.

Alex C. Birch, John S. Marks and L. A. Sanderson, all of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

THOMAS, Justice.

The indictment and conviction were for murder in the first degree.

The crime was committed on July 9, 1935; indictment returned July 11; the arraignment on July 18, 1935. The defendant not being able to employ counsel, the court appointed two members of the bar who conducted the defense. Code, § 5567. The trial was had on July 24, 1935.

At the arraignment there was a motion for a continuance on the grounds that the defendant had not sufficient time to inspect the indictment and to prepare a defense; "thereupon, the Court permitted counsel for the defendant to inspect the indictment for a period of five minutes, and after the expiration of said period of time of five minutes," it was "considered, ordered and adjudged by the Court that the defendant's motion for a continuance of this case be * * * overruled; and the said defendant being duly arraigned and charged upon the indictment in this case refused or neglected to plead and stood mute," whereupon, it was "considered, ordered and adjudged by the Court that a plea of not guilty be * * * entered in this case for the defendant. Thereupon, the defendant further pleaded thereto not guilty by reason of insanity. And on motion of the So-

licitor for the State," it was "considered and ordered by the Court that the 23rd day of July, 1935, be * * * appointed as the day for the trial of this case."

The plea of insanity was later withdrawn, and no issue of fact was founded thereupon.

█ When the case was called for trial, there was another motion for continuance on the grounds that counsel had not sufficient time in which to prepare and make defense. Exception was taken to the action of the court in overruling this motion. Such a motion addresses itself to the sound discretion of the court, and the exercise thereof is not subject to review except for gross abuse. Burns v. State, 226 Ala. 117, 145 So. 436; Hudson v. State, 217 Ala. 479, 116 So. 800.

██ It is true that defendant's counsel should have had ample opportunity to consider what action to take at the arraignment. However, the record does not show that prejudice resulted from such action of the court. McAdams v. State, 216 Ala. 659, 114 So. 39; Cagle v. State, 211 Ala. 346, 100 So. 318; Morris v. State, 193 Ala. 1, 68 So. 1003; Sanderson v. State, 168 Ala. 109, 53 So. 109. That is to say, the time allowed counsel for defendant to prepare and present a defense was sufficient under the circumstances of the case and the pleas interposed. Jackson v. State, 229 Ala. 48, 155 So. 581; Powell et al. v. State, 224 Ala. 540, 141 So. 201; Morris v. State, supra. The refusal of a continuance on the ground, as urged by counsel for defendant, that sufficient time is required to ascertain facts as to insanity in defendant's family, was held not an abuse of discretion in the case of Jarvis v. State, 220 Ala. 501, 126 So. 127.

We find no reversible error in overruling the several motions of the defendant, as we have indicated.

Was the argument of the state's counsel, relative to the possibility of defendant being pardoned if given a life sentence, to which defendant objected and the court sustained that objection, more than an appeal for the death penalty? If so, was its influence on the jury eradicable by action of the court in sustaining the objection? This subject was considered in McNeill v. State, 102 Ala. 121, 127, 15 So. 352, 48 Am. St.Rep. 17; Satterfield v. State, 212 Ala. 349, 102 So. 691; Cross v. State, 68 Ala. 476; Bachelor v. State, 216 Ala. 356, 113 So. 67; and People v. Rogan, 1 Cal.(2d) 615, 36 P.(2d) 631, 95 A.L.R. 566. In these cases the trial court sustained objection of the defendant to such argument, and instructed the jury not to consider the same in fixing the penalty, in the event there was a verdict of guilty.

█ Much discretion is allowed trial courts in respect to limiting arguments of counsel, and, unless there is an abuse of that discretion, reversible error has not intervened. Phillips v. Ashworth, 220 Ala. 237, 124 So. 519; American Ins. Co. v. Fuller, 224 Ala. 387, 140 So. 555; Peterson v. State, 227 Ala. 361, 150 So. 156; Metropolitan Life Ins. Co. v. Estes et al., 228 Ala. 582, 155 So. 79; Bachelor v. State, 216 Ala. 356, 113 So. 67.

The rules that obtain in limiting arguments of counsel, and the authorities, are collected in Anderson v. State, 209 Ala. 36, 43, 95 So. 171.

The instant case is distinguishable from Boyle v. State, 229 Ala. 212, 154 So. 575, where the court overruled defendant's objection to the argument and exception was reserved. Here the court sustained the objection of defendant and cautioned the jury not to consider the objectionable statement and argument made by the state's counsel to the jury.

It was observed in the Anderson Case, supra (1) that there is no iron-clad rule by which the prejudicial qualities of improper remarks or argument of counsel can be ascertained in all cases, much depending upon the issues, parties, and general circumstances of the particular case; (2) that, where the statement of counsel is only objectionable because of matter of fact not in evidence, the objection and motion must specifically indicate the improper statement and separate it from the proper matter of the context; and (3) that "An exception to the general rule requiring appropriate objection or motion invoking corrective instruction or action by the trial court is where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence * * * as recognized appeals to race or class prejudice." 209 Ala. 36, 43, 44, 95 So. 171, 179.

In Boyle v. State, 229 Ala. 212, 225, 226, 154 So. 575, 587, the court said:

"In course of argument, the assistant solicitor said: 'That the effect of the find-

628

ing of the defendant not guilty by reason of insanity would probably be to "put him upon the ground." ' * * *

"Objection to this argument was overruled and exception reserved.

"This line of argument was presented in Anderson v. State, 209 Ala. 36, 95 So. 171, and Bachelor v. State, 216 Ala. 356, 361, 113 So. 67. In both cases the trial court sustained the objection to such argument, and instructed the jury to disregard it. This court treated such argument as improper, holding the action of the trial court sufficient to eradicate its harmful effect.

"Clearly the sole question in this connection was whether defendant was 'not guilty by reason of insanity.'

"What might happen if he were sent to the insane asylum, instead of the penitentiary, should not have been thrown into the case to influence the verdict. The action of the trial court was an invitation to the jury to consider such contingency.

"Maybe the law should provide some greater safeguards, such as a judicial inquiry, before persons found not guilty of murder by reason of insanity should be discharged from the hospital for the insane; but this should not be allowed to influence juries in trials like this. State v. Johnson, 151 La. 625, 92 So. 139."

We have heretofore indicated that the instant case is distinguishable from the Boyle Case, supra.

Defendant's counsel contend that the corrective instruction of the trial judge was not sufficient to eradicate the evil done. If the argument of counsel was not so objectionable as that it could be eradicated by the instruction of the court to the jury to disregard the same, such action of the court was sufficient. Bachelor v. State, 216 Ala. 356, 113 So. 67; Anderson v. State, 209 Ala. 36, 95 So. 171; Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, post, p. 680, 166 So. 604.

■ A legitimate inference drawn from a proven fact is permissible as in an opinion or a proper hypothesis; but it is not permissible to transcend the record and indulge in a mere surmise or statement of fact not in evidence. That is, argument of counsel should be confined to a fair discussion of relevant facts and inferences to be drawn from the evidence in the case, and, where it exceeds the same, should be excluded. Du Bose v. State, 148 Ala. 560, 42

So. 862; Piano v. State, 161 Ala. 88, 49 So. 803.

It may be well to advert to the observations contained in Cross v. State, 68 Ala. 476, as to limitations of arguments of counsel:

"An accused person has a constitutional right to be heard by himself and counsel. In addressing the jury, counsel must be allowed to select and pursue their own line of argument, and their own methods of dealing with the testimony; and they may also state the principles of law applicable to the case, and may quote from books in elucidation of their views of the law. 'Every fact the testimony tends to prove; every inference counsel may think arises out of the testimony; the credibility of the witnesses, as shown by their manner, the reasonableness of their story, their intelligence, means of knowledge, and many other considerations, are legitimate subjects of criticism and discussion. So, also, the conduct of the accused, and his conversation (if in evidence), may be made the predicate of inferences, favorable or unfavorable; and analogies and illustrations may be drawn, based on the testimony, on public history, or on science.' These are legitimate subjects of discussion, and the presiding judge 'would occupy questionable ground, if he arrested counsel in the attempt to deduce inferential facts or intents from testimony in proof.' "

We have indicated several rules that obtain, as stated in Anderson v. State, 209 Ala. 36, 95 So. 171, and the decisions collected in that case.

The subject as to statements of fact without the record has been discussed by Mr. Justice Sutherland in Berger v. United States of America, 295 U.S. 78–89, 55 S.Ct. 629, 631, 79 L.Ed. 1314, 1319, 1320, 1321, as follows:

"That the United States prosecuting attorney overstepped the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense is clearly shown by the record. * * * The trial judge, it is true, sustained objections to some of the questions, insinuations and misstatements, and instructed the jury to disregard them. But the situation was one which called for stern rebuke and repressive measures and, perhaps, if these were not successful, for the granting of a mistrial. * * *

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. * * *

"It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none."

■ We have considered the record and the evidence, the remarks of counsel, and the action of the court duly invoked to the consideration thereof. The solicitor in his opening argument stated: "That no man had ever yet served out a life sentence in the penitentiary." The court sustained the objection of the defendant, that this statement was made without the sanctity of an oath and was improper and illegal, and "excluded the statement from the jury, cautioning them that they were not to consider it but made no other or further charges in regard thereto." In this action of the court we find no reversible error. McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am.St.Rep. 17.

The bill of exceptions recites the following:

"During his opening argument to the jury, the solicitor stated, in substance, to the jury, that he hoped the jury would fix it so that this man would not get off with any penitentiary sentence by the jury returning the death verdict, and that if they did sentence him to the penitentiary a mushy parole board would let him out in a little while, and that it had been his experience that murderers did not stay there long; that while there in the penitentiary things were made easy for them by baseball games, radios and good times and good treatment and good things to eat and a clean place to sleep and that for a murderer like the defendant a penitentiary would not be punishment, and that besides all this he could be pardoned and released from the penitentiary, and that he wanted the jury to fix it, by their verdict, that this man could never escape or get out of the penitentiary by giving him the death sentence.

"The defendant objected separately and severally to each of the foregoing remarks and such objections were sustained by the court and the jury was instructed by the court that such remarks were improper and not to consider such remarks in making up their verdict, but no further charge or comment was made by the court on such remarks.

"Thereupon the defendant moved that the case be withdrawn from the jury and that an order for a mistrial be entered or that a discontinuance be ordered on the ground that such remarks, and each of them, were so highly prejudicial in their nature that the evil effect of such remarks to the jury and on the jury could not be eradicated by a ruling of the court."

The testimony, considered in its most favorable aspect to the defendant, makes a case of murder in the first degree. The court duly instructed as to the several elements thereof, and further of the time necessary for premeditation and deliberation as elements of such a crime. Daughdrill v. State, 113 Ala. 7, 31, 21 So. 378; Caldwell v. State, 203 Ala. 412, 84 So. 272. The evidence supports the verdict of guilty of murder in the first degree rendered by the jury. Were the jury unduly influenced by the opening argument of the solicitor, hereinabove set out, in fixing defendant's punishment? It is true the arguments of the solicitor were highly improper and should not have been made; yet they were duly excluded and the jury cautioned not to consider such remarks and arguments.

When all the circumstances that entered into the manner and the gravity of the crime committed are considered, we are of opinion that a reversal should not be had. That is to say, when all the gruesome facts of this case are considered, we are not impressed that the jury's verdict was the result of or influenced by the improper argument in question, and which the court had duly instructed the jury to disregard.

The date fixed for the execution of the sentence of the law having passed, it is ordered and adjudged that Friday, the 27th day of March, 1936, be, and the same is,

fixed as the date upon which the sentence will be executed upon defendant as provided by law.

Affirmed.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.

ANDERSON, C. J., not sitting.

BROWN, Justice (dissenting).

If the defendant's right to a fair trial by an impartial and unbiased jury on competent and legal evidence depended on whether or not he used scientific or humanitarian methods in committing the crime, we might agree that the statement of facts by the solicitor in his opening argument, to which specific objections were made, could be disregarded because of "all the gruesome facts of the case." But this is not the law.

No matter how callous, brutal, and "gruesome" the offense, the defendant, nevertheless, under our law, is entitled to a fair and impartial trial on legal evidence, and is attended by the presumption of innocence until by the evidence his guilt is proven beyond a reasonable doubt.

Moreover, the important function of determining, not only his guilt, but, in homicide cases, of fixing the degree of the murder and the punishment therefor, is imposed on and vested in the jury. And such statements as, "That no man had ever yet served out a life sentence in the penitentiary" and "that if they [the jury] did sentence him to the penitentiary a mushy parole board would let him out in a little while, and that it had been his experience that murderers did not stay there long; that while there in the penitentiary things were made easy for them by baseball games, radios and good times and good treatment and good things to eat and a clean place to sleep and that for a murderer like the defendant a penitentiary would not be punishment," coming from an able and experienced solicitor elected by the people to represent the state, were enough to sweep the jury off its feet and prevent calm deliberation in determining the issues in the case.

Such facts were not competent or material to the issues in the case, and could not be put before the jury in any other way than through the statement of counsel. Nor could their influence be removed by the action of the court in sustaining the objections and instructing the jury "that such remarks were improper and not to consider them." This mild remark was not a sufficient antidote. Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann.Cas.1914C, 1037; Tannehill v. State, 159 Ala. 51, 52, 48 So. 662. In the case last cited, this court, speaking through Simpson, J., observed: "It is the duty of the court to see that the defendant is tried according to the law and the evidence, free from any appeal to prejudice or other improper motive, and this duty is emphasized when a colored man is placed upon trial before a jury of white men. Courts in some other jurisdictions have held, on what seems to be good reason, that the injury done by such remarks cannot even be atoned by the retraction or the ruling out of the remarks." And in Moulton v. State, 199 Ala. 411, 74 So. 454, the practice was emphatically disapproved and the cause reversed. The question is properly presented by the defendant's motion for new trial, which was overruled and exception reserved. Birmingham Railway, Light & Power Co. v. Drennen; Moulton v. State, supra.

It was stated in argument at the bar, on submission of this case, that counsel appointed by the court were young and without experience. The bill of exceptions shows that one of the lawyers so appointed was not present; that the other requested time to examine the indictment and consult the defendant before being required to plead. The court granted time, but limited it to five minutes. This was the same as a refusal to grant time. If the defendant was entitled to the appointment of counsel to represent him, under the provisions of section 5567 of the Code 1923, his counsel were entitled to reasonable time, before pleading, to consult with each other.

I am therefore of the opinion that the judgment should be reversed.

FOSTER, J., concurs in the foregoing dissent, except as to the last paragraph which deals with the refusal of the court to grant more than five minutes' time to counsel to consult.