183 So. 686

### SISSON et al. v. PRUITT.

### 7 Div. 381.

Court of Appeals of Alabama.

Oct. 4, 1938.

Ross Blackmon, of Anniston, for appellants.

342

Merrill, Jones & Merrill, of Anniston, for appellee.

## PER CURIAM.

The suit was by a holder of a mortgage on crops grown during the year 1936 on lands belonging to Mrs. Poe. The plaintiff having recovered judgment in the court below, the defendants bring this appeal and present a record including a bill of exceptions signed by the Judge, which states in its conclusion that: "The foregoing constitutes all of the evidence offered at the trial."

However, at the close of the court's oral charge there appears the following:

"The following written charge has been requested at the instance of the defendants, which is a correct statement of the law and is to be taken and considered by you in connection with the oral charge of the court.

"(Here the court reads the written charge to the jury.)"

There also appears in the bill of exceptions, in connection with the testimony of L. H. Sisson, one of the defendants, he being the mortgagor and the person who raised the cotton claimed in the complaint, the following: "At this juncture, Mr. Blackmon offered the entire testimony of L. H. Sisson to the jury in the other case." ·

Neither the charge given at the request of defendants, nor the transcript of the testimony of L. H. Sisson to the jury in the other case, appear in the record.

The only insistence of error relates to the refusal to give certain written charges requested, in writing, by the defendants. These charges relating to, and being dependent upon the evidence in the case.

In this state of the record we are driven, reluctantly, to the conclusion that a failure on the part of appellants to set out in the record and present to the court the written charges given at their request and read by the court to the jury prevents us from a review of the written refused charges insisted upon by the appellants. This ruling is sound and is based upon the theory well established in this jurisdiction that the burden is upon the appellant to show affirmatively that there was error; and when the record does not contain all of the charges, the court will presume the matters complained of were covered in charges given but not now contained in the record. DeBardeleben v. State, 16 Ala.App. 81, 75 So. 629; Parker v. State, 24 Ala.App. 72, 130 So. 525; Cert. denied Parker v. State, 222 Ala. 26, 130 So. 527.

While the bill of exceptions carries the recital that it contains all of the evidence presented on the trial, from the body of the bill it affirmatively appears that recital is untrue; the entire testimony of L. H. Sisson to the jury is omitted. In this state of the bill of exceptions it is to be presumed that the omitted evidence justified the action of the court in refusing charges relating to, and being dependent upon, a consideration of the entire evidence. Brown v. Sutton, 210 Ala. 245, 97 So. 738; Schmidt v. Mobile Light & R. Co., 204 Ala. 694, 87 So. 181; Jefferson v. Republic Iron & Steel Co., 208 Ala. 143, 93 So. 890; Culver et al. v. Sparkman, 25 Ala.App. 544, 149 So. 877.

It is a rule in this State, sustained by all the authorities, that where the bill of exceptions appears affirmatively not to set out all, or substantially all, the evidence, reasonable presumptions will be indulged in favor of the rulings of the trial court, and an instruction predicated on a finding on the evidence will not be reviewed. City Cleaning Co. v. Birmingham Waterworks Co., 204 Ala. 51, 85 So. 291; Johnston Bros. et al. v. Washburn, 16 Ala.App. 311, 77 So. 461; Ex parte Washburn, 201 Ala. 698, 77 So. 1002.

In the present state of the record the judgment must be affirmed.

Affirmed.