98 So.2d 671

Francis Ellis MILAM, Jr.

v.

STATE.

6 Div. 483.

Court of Appeals of Alabama.

Dec. 3, 1957.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

Jerome Phillips and M. B. Grace, Birmingham, for appellant.

CATES, Judge.

Milam appeals a conviction from an indictment reading:

"The Grand Jury of said county charge that, before the finding of this indictment, Francis Ellis Milam, Jr., alias Ellis Francis Milam, Jr., with intent to steal, broke into and entered the building of James R. Busbee, in which goods, merchandise or things of value were kept for use, sale or deposit, against the peace and dignity of the State of Alabama."

On the night of July 18, 1956, Mr. James R. Busbee, owner and operator of the Magic Tunnel car wash in Birmingham, was "contacted" by two police officers and went to his place of business. When he got there, Mr. Busbee noticed part of the glass front was broken. Also there was another place where glass was broken out, all with the result that entry was possible to the office where there were certain items of office equipment and a coin operated drink box with about $8 in the coin container. There was blood on some of the broken panes. There in the custody of the police was Milam, whom he recognized as having worked at the car wash some three months in 1955. Busbee further testified that he had locked the place securely when he closed up at the end of the day.

Mr. W. L. Vining, a police officer, related from the stand that he and a fellow officer, a little before midnight, were called to the car wash. Vining and his partner went around the building to the rear, one going around one side and one the other. On the southeast corner of the structure, Vining found a window broken out, and lying under foot was an object which he later recognized as a listening device, being a type of portable loudspeaker from an outdoor movie theatre. Within he saw someone moving.

Vining called on the intruder to come out. Not being answered, he broke out more of the glass, went in and began to "shake down" the building. On opening the door to the colored restroom, he found Milam sitting on the commode holding his arm which was bleeding. Milam having been arrested, the policemen looked around and found the other broken window and traces of blood on the cash drawer and the telephone in the office.

 After preliminary answers had established the predicate for reception of a confession, Vining testified he asked Milam, "Son, what did you want to do something like this for?" "I don't know." On being asked what he used to break the window, Milam mentioned the speaker which he said he got from Auto Movies Number 1. Milam, the next morning, told a detective substantially the same account. The proper predicate had been laid for the admission of this second confession.

The defendant's wife testified that they had been to the drive-in movie, the defendant being drunk when they met at 8:00 P.M. They got to the show at about 9:00 P.M., Milam having stopped for three beers beforehand. During the show he drank five or six more cans of beer. The defendant, taking the stand, said that he had begun drinking around 4:00 in the afternoon and was "really drunk" when he broke in the car wash. He further denied that his confession to the detective was uninduced by promises.

Milam has been indicted, tried, convicted, and sentenced to three years in the penitentiary for second degree burglary, Code 1940, T. 14, § 86, and has appealed.

The indictment charges that the structure broken into was a "building" and this allegation was amply supported by proof. Hence, it was not needful for the State to show that it was specially constructed as a keeping place for valuable personalty. Cf. Chaney v. State, 225 Ala. 5, 142 So. 104 (gasoline pump not a "structure"). The building was alleged to be that of James R. Busbee. This allegation too was well proved.

The conflict in and the weight of the evidence were for the jury to resolve. We consider that the State made a prima facie case. Whether, as he contends on appeal, the defendant in bodily distress merely broke in a familiar place to go to the toilet or whether he broke and entered with felonious intent was included in the submission to the jury and is not within our review.

Milam conplains that he was not arraigned. This was made one of his grounds assigned for a new trial, the motion for which the trial court denied. The judgment entry recites an arraignment and plea of not guilty. Since Milam had a hearing on his motion for new trial, we consider the question of fact has been expressly adjudicated against this contention. There is no evidence in the transcript in support of this ground of the motion. Hence, we must accord absolute verity to the judgment before us. Noah v. State, 38 Ala. App. 531, 89 So.2d 231.

Next, Milam says it was unfair to make him go to trial without a continuance, particularly so he could obtain process for other witnesses. In view of the fact that on August 3, 1956, Milam was bound over to the grand jury to answer a burglary charge, and he was not until October 29 put to trial on the indictment, which had been filed August 23, we consider that in the absence of some evidence to the contrary the trial court did not prejudice any right of his with respect to having compulsory process. There was no abuse of discretion in the refusal to pass the case. Ritz v. City of Birmingham, 22 Ala.App. 653, 119 So. 596.

In Lawler v. State, 31 Ala.App. 458, 18 So. 2d 469, the timely failure to seek process to compel attendance of witnesses appears as the basis for a like decision.

The trial judge correctly and adequately instructed the jury as to the law concerning the effect of intoxication upon a man's will and this obviated the need for the refused charge 19 thereon tendered by Milam. Code 1940, T. 7, § 273.

The defendant requested a charge to the effect there could be no second degree burglary if there were no objects of larceny in the building and requiring an acquittal if the jury so found. Since the evidence was so uncontradicted and clear that personal property was in the building, such a charge would have been abstract. Its refusal was not error.

A further refused charge of the defendant would have instructed the jury that the indictment "is insufficient if it is not alleged (therein) the building * * * is not the property of the defendant." The allegation that it was the building of James R. Busbee is enough to exclude any implication arisng that Milam was in possession. See Evans v. State, 34 Ala.App. 534, 41 So. 2d 615. An allegation that Milam was not in possession in addition to a positive allegation that someone (as here, Busbee) other than Milam was in possession would be going beyond any analogy to the negative pregnant rule of pleading, e. g., "Perry Mason Shoe Company" did not negative a partnership, Emmonds v. State, 87 Ala. 12, 6 So. 54. Jetton v. State, 29 Ala.App. 134, 195 So. 283 (where the indictment failed to allege who was the occupant of the premises entered) does not apply here.

Charge 7, "The court charges the jury if the ownership of the property burglarized is laid in the indictment in the name of Mr. Busbee and the evidence shows his wife owns a joint interest in the title to the property then the jury cannot convict the defendant," was predicated on certain testimony that while Busbee was in the Army in 1955 Mrs. Busbee operated the

business which Busbee bought while in service. Some question was made as to how title to the business was taken. The evidence was that at the time of the breaking Busbee ran the place and his wife helped him. The title to the property broken into is not a material enquiry, second degree burglary being an offense against possession, Evans v. State, supra.

The trial judge's refusal of this proferred instruction for confining its efficacy to title rather than occupancy or "operation" or possession was without error. Charge 13 required that the indictment "lay with precision the ownership of the burglarized property." "Ownership" not necessarily meaning possession as distinguished from title, its use was capable of confusing the jury, and hence the refusal of this charge was also free of error. Charge 14 was of much the same tenor.

Other requested charges were properly refused as abstract, misleading, or as being otherwise covered by the oral charge.

We have examined the record and find it free of substantial error to the prejudice of the appellant.

Affirmed.