104 So.2d 766

Essie **DEES**

v.

**STATE.**

**1 Div. 748.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Wilters & Brantley, Bay Minette, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for State.

CATES, Judge.

Dees was indicted for the second degree murder of Thomas Moore; convicted, adjudged and sentenced for guilt of first degree manslaughter, he appeals.

On the night of January 13, 1957, at Elma McCants's shop at Little River about dusk dark, Moore and Dees fell to quarrelling. Dees hit Moore over the head twice with a shotgun causing a skull fracture with an internal hemorrhage. This was the cause of Moore's dying January 17 in a Mobile hospital.

Dees claimed self-defense to justify beating Moore.

In his brief Dees contends the trial judge should have charged the jury as to manslaughter in the second degree. However, the record fails to set forth the given charges.

The fourth sentence of Code 1940, T. 7, § 273, reads:

"* * * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. * * *"

The fifth sentence of § 273 provides that the record show (1) the court's charge, (2) the given charges of (a) the State and (b) the accused, and (3) the charges refused the appellant.

The fourth sentence, supra, prescribes the review of a refused charge not in an isolated manner, but in the light of the context of the entire instruction (both in the judge's charge and the given charges) on the law of the case.

■ Thus, when the record fails to show either or both the oral charge or the given charges, we have no standard of comparison to test the refused charges. Denton v. State, 34 Ala.App. 384, 40 So.2d 105; Sisson v. Pruitt, 28 Ala.App. 341, 183 So. 686.

■ The State made out a prima facie case to support the verdict. The conflicts in the evidence are within the province of the jury. We conclude from a reading of the entire record that the trial was free of prejudicial error.

Affirmed.