137 So.2d 762

**J. D. BEAM, Jr.**

v.

**STATE.**

8 Div. 768.

Court of Appeals of Alabama.

Aug. 22, 1961.

Rehearing Denied Oct. 17, 1961.

Kenneth R. Cain, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

**PRICE, Judge.**

Appellant was convicted of possessing prohibited liquors. Section 98, Title 29, Code of Alabama 1940.

The evidence presented by the state tends to show that on January 12, 1960, the Sheriff of Marshall County and two of his deputies, armed with a search warrant, went to the home of the defendant. One of the deputies went to the front door. The sheriff and the other deputy went to the back door. When the sheriff appeared the defendant, his family and some friends were sitting at a table in the kitchen.

The defendant saw the sheriff through the kitchen window and he ran to the bathroom, which was located off a hallway running from the kitchen. Thereupon the sheriff and his deputy jerked the screen door open, breaking two latches, and followed the defendant.

The officers found a gallon jug in the shower stall with a small amount of "wildcat" whiskey in it. They also found some whiskey in the shower stall which they obtained by mopping the floor with a wash cloth and squeezing the contents into the jug. At the county jail the officers poured the whiskey into a small bottle. The bottle, with its contents, and the jug were introduced into evidence at the trial.

No objection was interposed to the introduction in evidence of the search warrant.

The testimony introduced on defendant's behalf tends to show that he started to open the door for the sheriff but the latch was jerked off the door before he could get it open, and that he was arrested as soon as the sheriff entered the house. This evidence also tends to show there was no whiskey in the jug or in the shower stall.

The conflict in the evidence presented a jury question. The court's refusal to direct a verdict for defendant was without error.

Defense counsel argues in brief that the court erred in overruling objection to the introduction in evidence of the jug and the pint bottle with its contents. This contention is based on the theory that the sheriff broke open the door without first having informed the defendant of his authority and purpose in violation of Title 15, Section 108, Code of Alabama 1940. Therefore, the search was illegal and the evidence obtained thereunder was inadmissible under the provisions of Title 29, Section 210 of the Code of Alabama 1940.

The fallacy of this argument is that the objection to the introduction of the state's evidence was not based on the grounds that such evidence was procured by an illegal search. Defense counsel objected "on the grounds they are not shown to have been in the possession of the defendant or upon any premises owned by the defendant. At no time have they placed it in the hands of the defenndant. The defendant has never seen the brown bottle which they are attempting to introduce in evidence. There has been no testimony linking this jug, this large mouth object here as being the defendant's."

Objections to the admission of evidence are unavailing unless appropriate grounds are stated in support thereof. Cauley v. State, 33 Ala.App. 557, 36 So. 2d 347, certiorari denied, 251 Ala. 163, 36 So.2d 354.

If the ground of objection assigned is not well taken the court will not be put in error for overruling it, although the evidence may be subject to another objection. Harwell v. State, 12 Ala.App.

265, 68 So. 500, certiorari denied, 192 Ala. 689, 68 So. 1019.

 The ground of objection interposed was not well taken, and such ground was not sufficient to raise the objection that the evidence was procured by an illegal search.

The defendant moved for a mistrial after the solicitor had questioned the sheriff concerning a pending civil action in which this appellant was the plaintiff and the sheriff was the defendant. An objection was interposed to each question and each objection was sustained by the trial court. The court also instructed the jury to disregard these questions. No answers were given by the witness. The appellant argues in brief that the trial court should have granted his motion for a mistrial because of the prejudicial effect of these questions asked by the solicitor.

■ A mistrial will not be ordered on the motion of the defendant because of illegal questions asked by the solicitor, where the court sustained the defendant's objections, unless it clearly appears that the rights of the defendant have been so prejudiced as to render a fair trial a matter of grave doubt. Stephens v. State, 252 Ala. 183, 40 So.2d 90; Espey v. State, 270 Ala. 669, 120 So.2d 904; Barber v. State, 23 Ala.App. 584, 129 So. 492; Dunnaway v. State, 36 Ala.App. 171, 56 So.2d 356.

■ We cannot say that the asking of the questions was so prejudicial to defendant as to require a mistrial.

In brief counsel sets out several excerpts from the record and argues that each of these excerpts shows that the solicitor asked improper and prejudicial questions which should have caused a mistrial.

However, the only motion for a mistrial was the one discussed above, and there is nothing for us to review in this connection except the trial court's rulings sustaining or overruling objections to

questions asked the witness in the instances complained of, and we have reviewed these rulings and find no reversible error.

The judgment is affirmed.

Affirmed.

CATES, Judge (concurring).

To the above I would add another ground for affirming, that is, the want of a pretrial motion to suppress the evidence.

See Thompson v. State, Ala.App., 132 So. 2d 386 [1], Annotation 50 A.L.R.2d 531, Sec. 11(a), (b) and (c), and particularly page 588 quoting from State v. Robbins, 37 Wash.2d 431, 224 P.2d 345.