181 So.2d 624

Willie D. PENDLEY

v.

STATE.

6 Div. 52.

Court of Appeals of Alabama.

Aug. 17, 1965.

Rehearing Denied Oct. 13, 1965.

**141**

Tweedy & Beech, Jasper, for appellant.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appeal is from a judgment of conviction of assault with intent to murder, with a penitentiary sentence of twenty years.

The state's testimony tended to show that Ormand Simpson, Police Chief of Berry, Alabama, stopped defendant's pickup truck about ten thirty on the night of February 14, 1964. Finding defendant drunk, he ordered him to let his passenger, Millard Pinion, drive the truck. Defendant objected and was given the alternative of letting Pinion drive or going to jail. They drove away with Pinion at the wheel.

Between 11:30 and 12:00 o'clock the same night another policeman, Dewey Stough, observed defendant's truck parked between two service stations on the high-way which runs through Berry. Officer Stough, who was not aware of the prior incident, drove up beside defendant and spoke to him. Defendant spoke and then said they had better drive up the road and settle their differences, or words to that effect. Stough asked what there was to settle and defendant said, "We will settle it here." Thereupon the officer started to open his car door and defendant shot him three times with a pistol.

The testimony for defendant tended to show that he had been drinking heavily for several days. Defendant testified he drank a considerable amount of whiskey during the day and he had no recollection of being stopped by Mr. Simpson or of shooting Mr. Stough; that when he was drinking he frequently had blackout spells and periods of forgetfulness.

Defendant was arrested in the early hours of February 15th. He was released on bond on February 17th. The indictment was returned against him on February 24th, and he was arraigned that afternoon, at which time trial was set for February 26th. There was a motion for continuance on the ground that counsel had not had sufficient time to properly prepare a defense. The motion was heard on February 26th and was overruled.

The granting or refusing of a continuance is largely within the sound discretion of the trial court, the exercise of which discretion is not reviewable except for gross abuse. Peterson v. State, 231 Ala. 625, 166 So. 20; Jackson v. State, 229 Ala. 48, 155 So. 581; Walker v. State, 265 Ala. 233, 90 So.2d 221.

In support of the contention that the trial court abused its discretion in refusing a continuance, counsel for appellant relies largely upon the case of Sawyer v. State (1964) 42 Ala.App. 386, 166 So.2d 511. In the Sawyer case a special plea of not guilty by reason of insanity was interposed. The burden of establishing such plea rested upon defendant. On the hearing of the motion for continuance it was shown there had

not been sufficient time to procure medical records and expert testimony as to his mental condition.

▪ In this case the defendant introduced evidence of his excessive drunkenness and cross-examined a physician introduced as a witness for the state as to the effect of prolonged excessive drinking on a person's brain. The court also instructed the jury as to the law of such defense. At the arraignment the sole plea interposed was that of not guilty and at the hearing on the motion for continuance no mention was made of defendant's intention to rely on drunkenness as a defense, and no facts were shown to the court which would tend to deprive the defendant of his rights. It appears from the record that defendant was represented by three experienced attorneys of his own selection, one of whom was employed on February 18th. All of the witnesses lived in and around Berry and there was no claim of the defendant's having been deprived of any evidence. It does not appear from the record that prejudice resulted to the defendant from the court's action. Under the circumstances of the case, and the plea interposed we hold that the trial court did not abuse its discretion. Morris v. State, 193 Ala. 1, 68 So. 1003; Jackson v. State, supra; Peterson v. State, 231 Ala. 625, 166 So. 20; Avery v. State, 237 Ala. 616, 188 So. 391.

▪ Counsel insists the court erred in refusing certain charges requested in writing by defendant. The court's oral charge discloses there were written charges given at defendant's request and read to the jury. These charges do not appear in the record. Under these circumstances we cannot consider the refused charges. Hyatt v. State, 24 Ala.App. 424, 136 So. 276. Denton v. State, 34 Ala.App. 384, 40 So.2d 105; Dees v. State, 39 Ala.App. 524, 104 So.2d 766.

The solicitor asked the prosecuting witness if there had been a prior difficulty between himself and defendant. After the witness answered "No," defense counsel objected. The court overruled the objection and reminded counsel that in his opening statement he had told the jury defendant and Mr. Stough were good friends. Defense counsel asked if he might take the witness on voir dire, and he asked: "q. You all were good friends at the time?" Witness answered: "As far as I knew we were." The solicitor again asked the witness if there was ever any prior difficulty between himself and defendant. Defense counsel objected. The court overruled the objection on the ground that the question interposed by defense attorney was limited to the time of the shooting and no time was specified in the solicitor's question. The question was repeated, defense counsel again objecting and, adding the ground that no difficulty had been shown within the past five years, and that the question concerned matters not involved in the present case. The court stated he was overruling the objection because defense counsel had stated to the jury they were good friends, and when the solicitor asked if there had been a prior difficulty counsel objected and on voir dire asked him "As to this time" and the solicitor had a right to ask as to a prior time. The witness answered: "A. I wouldn't call it a difficulty at all. Do I need to go into that?" This question was then asked: "Q. I will ask you more specifically then if he ever had, while you were an officer, had a gun before it was drawn and out in a stand off with you?" Defense counsel objected and the solicitor withdrew the question. Thereupon defense counsel moved for a mistrial on the grounds that the solicitor "had tried to go into certain evidence that he now excludes," and if the questions were improper they should not have been asked: The motion was overruled.

▪ After a careful consideration of the foregoing incident we cannot say the court's ruling was so prejudicial to defendant's rights as to require a reversal of the judgment of conviction.

▪ The judgment fails to show that defendant was asked if he had anything to

 

say why sentence should not be pronounced upon him. For this reason the cause must be remanded for proper sentence. Smith v. State, 28 Ala.App. 506, 189 So. 86; Flaherty v. State, 40 Ala.App. 536, 117 So. 2d 195.

The judgment of conviction is affirmed, but the cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.

## ON REHEARING

From a rereading of Mr. Tweedy's statement to the court in support of the motion for continuance it appears that he talked to appellant on February 18th but did not actually get into the case until February 22nd. We copy the pertinent portion of such statement:

"MR. TWEEDY: Last week, the week beginning the 17th. of February, I had several jury cases set for trial in Haleyville and one rape case set for trial on Wednesday of last week; that I was up there in Haleyville on Monday, I was up there on Tuesday and I saw Mr. Pendley late Tuesday afternoon. (18th.) He told me he had already talked to another attorney and he had called down here and tried to get the case continued, the Wilson firm in Jasper; they had told Mr. Pendley they had an important case in Birmingham and would probably take all week to try that and unless it was continued they couldn't be in it. He called me and I told him I could get in it, but I still had these cases at Haleyville I could be here on Monday but I still had the case in Haleyville Wednesday which was a rape case and I did not know how long I would be tied up Wednesday; that I had an appointment in Birmingham Friday of last week and I couldn't see him really until Saturday the 22nd. He came to my office on Saturday the 22nd. and we did the best we could toward preparing this case over the week-end and I would get down here on Monday; that I had some other jury cases down here on Monday. He met me here on Monday to help me prepare this case, but at the same time this is very short notice for a felony case and very short for him. We just have not had time to prepare it like it should be prepared. We have not had time to investigate the case." Parenthesis ours

We stand corrected as to the date on which Mr. Tweedy was actually employed.

We adhere to our original opinion.

Application overruled.