186 So.2d 743

**Jimmy Don HALL**

v.

**STATE.**

l Div. 16.

Court of Appeals of Alabama.

April 5, 1966.

Rehearing Granted May 17, 1966.

Barry Hess, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted January 14, 1965.

Hall appeals from a conviction of receiving stolen goods for which he was sentenced to serve ten years, the maximum. See Code 1940, T. 14, §§ 331 and 338.

## I.

The night of October 7–8, 1963, thieves got in Metzger's Department Store in Mobile. They entered by suborning a locksmith's helper.

Missing were, inter alia, shoes and from the store's safe a diamond ring belonging to Mr. Albert Metzger.

Hall was arrested wearing the ring and a pair of shoes resembling a missing pair of "Bostonian" shoes. He claimed to have bought the ring from a man in a night club for $100.00. The shoes were a recent purchase.

Mr. Metzger testified as to the value of the ring. He was vague on this point. However, a value of only $5.00 needed to be shown. § 331, supra.

## II.

Armed with a defective warrant, the police searched an apartment. One officer testified that he found that the defendant lived there.

Objection was made to receiving the fruits of the search because (1) "the warrant was not validly executed having been issued to [sic] some Joseph Johnson, who was not present * * *"; (2) "this is confiscated by an improper search warrant or * * * warrant not properly executed."

Evidence which is the product of an illegal search may be excluded either by a pretrial motion to suppress or by a timely objection during trial. In the latter case, the grounds must bring to the trial judge's attention a cogent reason for his ruling with the objector.

We consider the cited grounds were too vague to advise the court of the warrant's infirmity. In view of the failure of the record to show a pretrial motion to suppress, Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, does not apply. See Carpenter v. State, 42 Ala. App. 618, 174 So.2d 336; Beam v. State, 41 Ala.App. 401, 137 So.2d 762.

## III.

Sykes v. Wood, 206 Ala. 534, 91 So. 320, seems to hold that value of a diamond ring is competent only when coming from an expert qualified by the court.

If this be so, Mr. Albert Metzger's testimony was inadmissible.

However, we cannot reconcile Sykes v. Wood, supra, with Code 1940, T. 7, § 367, which reads:

"§ 367. Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

Also see Seymour v. Sweet, 229 Ala. 299, 156 So. 848; Lewis v. State, 165 Ala. 83, 51 So. 308; Vandergrift v. State, 151 Ala.

105, 43 So. 852; Tanner v. State, 37 Ala. App. 256, 66 So.2d 827; McMickens v. State, 18 Ala.App. 36, 88 So. 342.

There was sufficient proof of the ring having sufficient value (more than $5.00) to support the verdict.

### IV.

The defendant who testified for himself was compelled to disclose that he could not cross into Georgia because a warrant awaited him there.

The occasion for this compulsion came on cross-examination.

The State's brief fails to discuss the question.

On direct, Hall had sought to show an alibi, to the effect that he was with his wife in Phenix City, Alabama, on the critical night. He had also testified that the adjoining city of Columbus, Georgia, was his home.

Why he did not go home, when so near, is perhaps somewhat afield, yet vaguely relevant as to the good faith and credence on a claim of alibi.

The judgment below is due to be

Affirmed.

### On Rehearing

CATES, Judge.

On authority of Loyd, 279 Ala. 447, 186 So.2d 731 (May 5, 1966), the judgment below is due to be reversed and the cause is due to be remanded to the Circuit Court. Rehearing granted.

Reversed and remanded.

PRICE, P. J., concurs.

JOHNSON, J., vult advisare.