302 So.2d 547

Tommy ROGERS

v.

STATE.

4 Div. 271.

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

J. Knox Argo, Montgomery, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Francis A. Poggi, Jr., Sp. Asst. Atty. Gen., Fairhope, for the State.

GEORGE MURPHY, Circuit Judge.

Appellant was indicted for murder in the first degree. He was convicted of murder in the second degree and his punishment was fixed at imprisonment in the penitentiary for a term of sixteen years.

For the purposes of this appeal the following statement of fact will suffice:

The offense with which appellant was charged occurred in March, 1973. He was arrested at that time and held in the Barbour County Jail until indictment. At the time of his arrest it appears from the testimony of the appellant that the same attorney who subsequently was appointed by the court to represent him at the trial was appointed to advise with him as to the advisability of making a statement. He was indicted on July 23, 1973, and he was arraigned on July 31, 1973, at which time an attorney was appointed to represent him and the trial was set for August 20, 1973. Thereafter, on August 7, 1973, the appellant at his request was surrendered to the custody of the federal authorities where he remained until the date of his trial. On the morning of the day fixed for trial an attorney other than appointed counsel made an appearance in the case and moved for a continuance due to the fact that defense counsel had not had adequate time to prepare what they deemed an adequate defense due to the fact that the appellant had been in the federal penitentiary since immediately after his indictment. This attorney and the attorney appointed by the court represented appellant throughout the trial. The record does not disclose that he was appointed by the court to represent appellant and we therefore assume that he was retained counsel. In opposition to the motion the district attorney offered testi-

mony of the sheriff to the effect that the appellant at his own request was surrendered to the custody of the federal authorities on August 7, 1973. The sheriff also testified that during all times in question, that is to say, from the date of indictment until the date he was surrendered to the federal authorities the appellant enjoyed the status of a "trustee" and had free run of the jail and surrounding grounds and on occasion he would go to the courthouse for the purpose, so appellant told him, of seeing his lawyer.

The sheriff also testified that the appellant was under no restrictions as to talking to any person he chose. Appellant offered no evidence by way of affidavit, or otherwise, in support of the motion for a continuance. The trial court denied the motion. After the State had rested its case the defense renewed its motion for a continuance due to the fact that only four out of eighteen subpoenas the defendant asked to be served had been served, and only four of the witnesses were present. It appears that actually eight subpoenas had been served and that four witnesses were present. This motion also was overruled. Appellant did not ask the court for an attachment for the witnesses who had been served and were not present.

Appellant testified in his own behalf. He admitted that he enjoyed the status of a "trustee" but contended that he was under orders not to talk with anyone and that had he done so he would be returned to jail and lose this favored position. He admitted however that on one occasion he was at the jail and that he saw one Curtis Glover, a person who subsequently testified for the State at the trial, go around the corner and into a "Charley MacJernigan's" and that he followed and talked with Mr. Glover there. He also testified that the next time he saw Glover he talked with him again. On cross-examination the following occurred:

"Q. But, you are saying that you were put in a hole and not allowed to talk to your lawyer but you went and had a conversation with Judge Wallace.

"A. Yes, sir; because he was in the courthouse and Mr. Adams was across to the corner.

"Q. Did you tell Judge Wallace you were being put in a hold and being mistreated?

"A. Well, I think I told him about my immediate problem and I thought that was far enough.

"Q. Well, the point is, you weren't put in a hole and denied your right to talk to your lawyer and you went to the highest court in this county and talked freely and openly to him.

"A. I talked freely because at the time the sheriff was in Montgomery and I knew where he was.

"Q. But you hadn't been mistreated or anything like that? You had an opportunity to report it to the court, didn't you?

"A. I had an opportunity to report it to the court but I was going to wait until I got to trial.

"Q. You weren't going to do it in Juge Wallace's Chambers?

"A. Well, I was going to do it here where I thought I would get justice.

"Q. You didn't think you could discuss it openly—

"A. (Interposing) Well, I could have discussed it if I wanted to.

One of the witnesses for the State was the Coroner of Barbour County. During his testimony the following occurred:

"Q. Based on your training and experience, though, it is your professional opinion, is it not, that death was caused in this case by a gunshot would [sic] to the head; is that right?

"MR. ADAMS: Objection, Your Honor.

"THE COURT: Overruled.

"WITNESS: Yes, it is true.

The witness previously had testified without objection as follows:

"Q. All right, sir. And based on your knowledge and experience and so forth, what was the cause of death of this person?

"A. Head injuries due to gunshot would [sic] and internal hemorrhage.

"Q. This was what?

"A. Head injury and internal hemorrhage due to gunshot wound."

 Appellant insists that the trial court was in error in refusing to grant his motion for a continuance on the grounds that counsel had not had an opportunity to prepare for trial. Ordinarily, the question of the granting or the refusal of a motion for a continuance in a criminal case rests in the sound discretion of the trial court and will not be disturbed except in the event of a clear abuse. Pendley v. State, 43 Ala.App. 140, 181 So.2d 624, cert. denied 279 Ala. 690, 181 So.2d 627; Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L. Ed. 377. In this case it is contended by appellant that the denial of a continuance was tantamount to a denial of the right to the assistance of counsel as guaranteed under the Sixth Amendment of the Constitution of the United States. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Of course if this were true this would constitute an abuse of discretion. Kearley v. State, 52 Ala.App. 405, 293 So.2d 322. We believe this record clearly discloses that this defendant has had the assistance of counsel at every critical stage of the prosecution commencing with his arrest in March 1973, and continuing through arraignment and trial. Appellant contends that the fact that he was released to the federal authorities some two weeks prior to trial and not returned until trial date denied him the assistance of counsel. The appellant did not deny the testimony of the Sheriff of Barbour County that his release to the federal authorities was at his own request. Further, although appellant testified he was denied the opportunity to confer with his attorney he was at all times after arraignment a "trustee" and had free run of the jail and the courthouse. According to his own testimony on one occasion he went across the street to confer with a witness and on at least one other occasion talked with the Circuit Judge of the County, at which time according to his testimony he elected not to say anything about the fact that he was not being permitted to talk to his attorney, although he could have had he wanted to. We believe that the three weeks which elapsed between July 31, when an attorney was appointed for appellant, and August 20 when he was put to trial constituted ample time for preparation for trial, and in absence of some evidence to the contrary, the trial court did not prejudice any right of appellant with respect to the attendance of witnesses. There was no abuse of discretion in the refusal to pass the case. Milam v. State, 39 Ala.App. 351, 98 So.2d 671.

 Appellant further contends that the trial court was in error in permitting the Coroner of Barbour County to testify as an expert. It is true that the qualification of the Coroner as an expert was somewhat lacking. He had, however, previously given the same evidence without objection and when appellant did object he specified no ground of objection. A trial court is required only to pass upon grounds of objections which are announced and those omitted are deemed waived. Objections to admission of evidence are unavailing unless appropriate gounds are stated in support thereof. Edgil v. State, 36 Ala. App. 379, 56 So.2d 677; Beam v. State, 41 Ala.App. 401, 137 So.2d 762, cert. denied 273 Ala. 704, 137 So.2d 765. Further, the testimony of the coroner as to the cause of death was undisputed and uncontradicted. The admission of undisputed and uncontradicted testimony cannot be cause for rever-

sal. *Edgil,* supra. See also Cobb v. State, 50 Ala.App. 707, 282 So.2d 327.

As required by Tit. 15, § 389, Code of Alabama 1940, Recompiled 1958, we have searched the record and find no reversible error there. We therefore conclude that the judgment of the trial court is due to be affirmed.

The foregoing opinion was prepared by the Honorable George Murphy, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama 1940, as amended; the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur except CATES, P. J., not sitting.

## ON REHEARING

We consider that the appellant omitted a very important element of proof. Nothing was adduced to show one way or another whether or not either or both of his lawyers were unable to work up his defense even though part of the time appellant was personally in Federal custody—albeit by his own choice.

Application overruled.

All the Judges concur.