Daniels, J.
The recovery in this action is for the amount due on a draft drawn by William J. Scharen, upon the defendant, and accepted by him, he adding to his signature the word “executor,” and it was held in Schmittler v. Simon (25 Hun, 76), that he would be liable on the draft only in that capacity.
Upon a second trial of the action under the direction following this decision, the complaint was dismissed, and the judgment dismissing it was affirmed by the general term. An appeal was then taken in the action to the court of appeals, where the judgment was reversed, that court holding that the defendant was individually and personally liable upon the draft. Schmittler v. Simon, 101 N. Y., 554.
And it was under that decision, that the trial took place upon which the judgment was recovered from which the defendant has again appealed. By the decision which was then made, the court held that the party executing the instrument was absolutely liable for the amount stated therein. Id., 563. But by the answer which was interposed, the defendant set forth what was alleged to have been the agreement under which the instrument was drawn, and was accepted by the defendant, and averring also that he received no consideration whatever for his acceptance. There was no attempt, or offer, on the trial to prove this *274 last averment of the answer, but questions were put to the witnesses, having a tendency, if they had been allowed to be answered, to prove what the oral agreement was which was made between the parties before the draft was drawn and accepted. The evidence proposed to be given by the answers to these questions was excluded by the court, and rightly so too. For after the parties had reduced their agreement to writing, as they did, and the bill was signed and accepted, oral evidence was no longer admissible to prove what had been their negotiations, or what was the agreement which they proposed to make for the payment of this sum of money. 2 Parsons on Notes, etc., 501-3.
It appeared that the plaintiff gave to her husband, the payee in the bill, a sum of money on' the day on which it was made and accepted, and that he returned with it, and indorsed and delivered, the bill to her. The defendant proposed to prove the conversation between the plaintiff and her husband, to show what was to be done with the money when it was given to him, but this was excluded by the court.
And while the evidence might very well have been admitted, its exclusion did not injure the defendant, for it is to be presumed, from what was before stated, and the acts of the parties, that the money was given to him to loan it upon this security. If it had been designed to prove anything different from this, that would have been within the range of the defendant’s defense, some offer, or suggestion, to that effect should have been made to the court. The proceedings upon the trial were quite summary in the exclusion of evidence, and the case would have been more satisfactorily presented for the plaintiff, if some of the questions objected to had been allowed to be answered. But it does not appear that any answer would have been elicited to either of the questions which would have been of the least benefit to the defendant, under the construction and effect given to this instrument by the court of appeals.
There is no ground disclosed by the case upon which the judgment or the verdict can be disturbed, and both should be affirmed, with costs.
Van Brunt, P. J., and Brady, J., concur.