55 So.2d 530

## ECHOLS v. STATE.
### 8 Div. 591.

Supreme Court of Alabama.
Nov. 8, 1951.

S. A. Lynne, Decatur, for petitioner.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for respondent.

LIVINGSTON, Chief Justice.

We cannot agree with the opinion of the Court of Appeals in its holding that no reversible error intervened in the cross-examination of defendant's character witness Lester Whitten.

It is needless, of course, to repeat here the examination of the witness as revealed

by the opinion of the Court of Appeals. That court recognized that character cannot be proven by specific act, but based its opinion on the fact that only a general objection was interposed to the question, and that no error results in overruling such objection unless the evidence sought is illegal for any purpose and cannot be made legal by other evidence, or by otherwise framing the question. Citing Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572.

We have no quarrel with the principles enunciated, but we cannot agree that they were properly applied in the instant case.

Undoubtedly, to permit a witness to testify that he had *seen* defendant drunk or drinking, tended to prove character (his drinking proclivities) by specific acts. To permit a witness to testify that he had *heard* that the defendant drank tends to prove the general reputation of defendant for drinking. Character can only be proven by reputation. To change an inquiry as to what a witness had *seen*, to a question as to what a witness had *heard*, is not to reframe the inquiry, but is to ask an entirely different question. And we can think of no way by which the question actually asked could have been made legal by other evidence.

As we have indicated the evidence is illegal for any purpose, and cannot be made legal, and general grounds assigned in support of the objection to it was sufficient and should have been sustained.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further consideration.

Reversed and remanded.

All the Justices concur, except BROWN, J., who dissents.

BROWN, J., is of the opinion that the Court of Appeals has applied the doctrine of error without injury, and, as a consequence the judgment of the Court of Appeals should be affirmed. He, therefore, dissents.