247 So.2d 682

**Owen FREEMAN**

v.

**STATE.**

**6 Div. 44.**

Court of Criminal Appeals of Alabama.

May 4, 1971.

Carlton Mayhall, Jr., Haleyville, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

ALMON, Judge.

Owen Freeman was indicted, tried, and convicted of grand larceny in the Circuit Court of Winston County and sentenced to three years imprisonment.

The facts in evidence were sufficient to support the conviction. Floyd Harper testified that he owned a furnished cabin on Smith Lake in Winston County where he lived part of the time. In the summer of 1968 he was notified that the cabin had been broken into. Upon investigating, Harper discovered that someone had made entry into the cabin by breaking the catches off a wooden shutter and prizing open the window. The cabin was wrecked and many items of personal property were missing.

Sheriff Graves of Cullman County testified that he and several other officers made a search of appellant's home in Cullman County and that many items of personal property were seized. After proper predicates were laid, Sheriff Graves further testified that appellant made a statement that he "had broken into a cabin or two in Winston County near Houston" and obtained the property.

Later, Harper and his wife visited the Cullman County Sheriff's Office and identified many of the items seized at appellant's home as property stolen from their cabin.

The appellant contends that the alleged stolen property consisting of numerous individual personal items were not marked for exhibit before their introduction into evidence and that the record does not show that the items identified by the sheriff and Harper were the same items.

Articles of personal property may be considered evidence after being exhibited before the jury and commented upon although they may not have been previously marked for identification or formally introduced into evidence. Taylor v. State, 249 Ala. 130, 30 So.2d 256; Kabase v. State, 31 Ala.App. 77, 12 So.2d 758, cert. denied 244 Ala. 182, 12 So.2d 766.

The evidence was sufficient to indicate that Harper and the sheriff identified and were referring to the same items in evidence. Harper identified in court eight articles of personal property as belonging to him. These consisted of a toaster, a hatchet, a pair of shoes, an egg turner, an iron, a tray of silverware, a knife and a screwdriver. He testified that these items were taken from a cabin and recovered by him from Sheriff Graves in his office. Sheriff Graves, after identifying in court eight articles of personal property and a toaster, a hatchet, an egg turner, a pair of shoes, an iron, a screwdriver, a silver set, and a knife, testified that he had released them to Harper after he signed a receipt for them.

This evidence adequately supported a finding by the lower court that Harper and Sheriff Graves were identifying the same items, even though it does not appear from the record that these items were ever marked for identification.

Appellant also argues that the trial court erred when it permitted a portion of the evidence going to the voluntariness of his confession to be heard by the jury in violation of the principle laid down in Jackson v. Denno, 378 U.S. 368, 84 S.Ct.

1774, 12 L.Ed.2d 908; Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; and Duncan v. State, 278 Ala. 145, 176 So.2d 840. Even if this had been the case, no reversible error was committed since the confession was, in fact, deemed voluntary. Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31.

For the foregoing reasons the judgment appealed from is due to be

Affirmed.