269 So.2d 622

**Willie Earl REESE**

v.

**STATE.**

**2 Div. 71.**

Court of Criminal Appeals of Alabama.

Sept. 12, 1972.

Rehearing Denied Oct. 3, 1972.

No brief for appellant.

No brief for the state.

T. G. Gayle and Pitts, Pitts & Thompson, Selma, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was tried on a charge of murder in the first degree but convicted of murder in the second degree and sentenced to imprisonment for twenty years.

On arraignment he plead not guilty and at the trial sought to justify his action under self defense.

After the verdict a motion for a new trial was filed by appellant and overruled by the court.

Briefly stated, the evidence offered by the State tended to show that on the night of November 9, 1969, the appellant, along with several other men, including the deceased, Benjamin Savage, were visting in the home of Willie Earl Wallace, in Dallas County, and that a card game was in progress, in which the two were engaged, and that an argument arose over the amount of a bet between the two; appellant had lost the game but refused to pay the amount demanded by the deceased, and appellant walked away from the table where they had been playing a few steps, when deceased picked up the cards in one hand and the money in the other and was getting up on his feet, when appellant shot him three times with a pistol, at which time he went down on the floor and died before he was moved by an ambulance to a funeral home; one or more witnesses was unable to see the deceased's hands immediately before he was shot; a state toxicologist examined the body at the funeral home and extracted three bullets from the abdominal area, which he testified caused the death of deceased; a .32 caliber pistol, taken from the home of the appellant by the deputy sheriff at the time of his arrest was introduced into evidence and the toxicologist testified that the markings of bullets test fired from this pistol had general similarities to the bullets extracted from the body of deceased, but because of the mutilated condition of these bullets he could not be sure they were fired from the pistol in question; he also found powder burns on the clothing of the body. (Particles of unburnt powder of the kind used in such pistols.)

The appellant was arrested by a deputy sheriff of Dallas County the morning after the killing, after making an investigation and talking with a witness to the affair. At the time of the arrest, he also took into his possession the pistol which was on the mantle in plain view in a room in the appellant's home and the gun was later delivered to the toxicologist.

The appellant's testimony tended to show that after the argument, above referred to, he walked away from the card table, at which time, the deceased put his hands under his coat as if to draw a gun and appellant then fired as testified to; that he knew deceased had a gun and carried it frequently; that he feared for his life when he fired the shots into deceased; that the trouble came up over an argument at the card game in which he was threatened if he did not pay the amount demanded by deceased; further testimony offered by appellant showed that a sister-in-law of deceased came and took a pistol from the body before it was removed from the Willie Earl Wallace home. Much of the preliminary testimony offered by the State was substantiated by appellant's and need not be restated.

Under the tendencies of the testimony offered by the State and appellant, a jury question was made and properly submitted by the court. Therefore, the affirmative charge requested in writing by the appellant was properly refused.

Appellant complains that the court committed reversible error in sustaining the State's challenge to prospective jurors,

Burson and Britton, with regard to their opposition to infliction of the death penalty. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776; Boulden v. Holman, Warden, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433; Jackson v. State, 285 Ala. 564, 234 So.2d 579.

It is not necessary for this court to go into this matter, as the doctrines set out in the above cited cases are not applicable where the death penalty is not inflicted by the verdict of the jury. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

■ During the examination of Deputy Sheriff J. T. Blair by the District Attorney, he was shown what purported to be a picture of the deceased as he lay in the house where he was killed. Strenuous objection was made by appellant to the jury seeing the picture until it was offered as an exhibit in evidence and his motion for a mistrial was overruled by the court. The court held the motion was premature and that a ruling would be made on the admissibility of the picture, marked at the time Exhibit C for identification. The picture was never formally offered in evidence and no further ruling or objection made to it.

In Freeman v. State, 46 Ala.App. 640, 247 So.2d 682, this court stated,

"Articles of personal property may be considered evidence after being exhibited before the jury and commented upon although they may not have been previously marked for identification or formally introduced into evidence. Taylor v. State, 249 Ala. 130, 30 So.2d 256; Kabase v. State, 31 Ala.App. 77, 12 So.2d 758, cert. denied 244 Ala. 182, 12 So.2d 766."

In Taylor v. State, 249 Ala. 130, 30 So. 2d 256 (set out in above quote) several articles of clothing of the victim in a rape case were exhibited to the jury and commented upon without having been intro-duced into evidence. The court in commenting upon this point said,

"True, there seems to have been no formal offering of these articles in evidence, but after they were exhibited before the jury and commented upon, to all intent and purposes they are considered as evidence in the cause. Kabase v. State, 31 Ala.App. 77, 12 So.2d 758; Kabase v. State, 244 Ala. 182, 12 So.2d 766."

We are of the opinion the principles set out in the above authorities apply in the case at bar and there was no error in the court's action.

■ Aside from the above, as we read the record the proposed picture would in all likelihood shed some light on the issues in the case. We do not think that the substantial rights of the appellant were injured or prejudiced and therefore, if it could be said that there was error, it was error without injury.

The appellant further argues in brief that the court committed reversible error in admitting into evidence, over objection of appellant, State's Exhibit "B", a .32 caliber pistol, which he claims was the result of an unlawful search and seizure.

The appellant was arrested by Deputy Sheriff J. T. Blair at the home of the appellant and the pistol, which was lying on a mantle, was taken by the officer.

An officer has the right to arrest without a warrant,

" * * * when a felony has been committed, though not in his presence, by the person arrested, or when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it; * * * " Title 15, Sec. 154, Code of Alabama 1940, Recompiled 1958.

■ It is the rule also that if the arrest without a warrant is not based upon proba-

ble cause, then it is unlawful and any evidence seized as an incident thereto is inadmissible. Knox v. State, 42 Ala.App. 578, 172 So.2d 787, (and numerous other authorities unnecessary to cite).

In the case at bar the record shows that Deputy Blair, after receiving a call, had gone to the home of Willie Earl Wallace, viewed the body, found a spent pistol bullet on the floor, talked with Wallace, who was an eye witness to the shooting, and accompanied by Wallace, went to the home of appellant and arrested him and seized the pistol in question.

We are of the opinion that the circumstances referred to would support a finding of probable cause for the arrest of the appellant and that the presence of the officer in the home of appellant being lawful and the pistol being in plain view on the mantle, its seizure was not illegal. Ala. Digest, Vol. 17A, Searches and Seizures, ⊜3.3. We do not think that Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, requires otherwise.

When the pistol was introduced, the objection by appellant was general and no ground was assigned. No motion was made to suppress the evidence before trial, or during its progress. Unless appropriate grounds are stated, objections to the admission of evidence are unavailing on appeal, even though the evidence may have been subject to some ground not assigned. Beam v. State, 41 Ala.App. 401, 137 So.2d 762.

Aside from the above, the pistol was identified on direct and cross-examination by the appellant in his testimony. There seems to be no factual controversy as to the fact that the appellant did the shooting with the pistol introduced.

We have fully considered the argument advanced in appellant's brief and under our statutory duty have examined the entire record for error. Finding no error of a reversible nature, this cause is affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

All Judges concur.