BOOKOUT, Judge,
dissenting:
After review on application for rehearing, I am of the opinion that no probable cause is shown for the officer’s initial entry into appellant’s mobile home. Although the officer’s unidentified informant was shown *810 to be reliable in the past, no basis is shown for his information. It is insufficient for an informant to merely state that he “just knows” who committed a crime. That is a bare conclusion on the part of the informant that will not support a search or a seizure. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
Likewise, a valid consent to enter the mobile home was not established. The fact that a young boy admitted entrance to the officers, after they identified themselves as officers, does not show a valid consent to enter without a warrant and to chase the appellant into another room where they were then in a position to claim that the “plain view” doctrine justified their actions. The officers must be lawfully in the constitutionally protected area before they can claim benefit of the “plain view” doctrine.
Title 15, § 154, Code of Alabama 1940, authorizes an arrest without a warrant, (a) if a felony has been committed and, (b) the officer has “reasonable cause” to believe the person arrested committed the crime.
“Reasonable cause” is information from a credible source which, if presented to a magistrate, would require the issuance of a warrant. Berry v. State, 27 Ala.App. 507, 175 So. 407 (1937). In a more recent case where the facts of the arrest were similar to those in the instant case, a warrantless arrest was held to be legal because the officer’s informant was an eyewitness to the crime. This Court went on to restate the established principle that, if a warrant-less arrest is not based upon reasonable or probable cause, any evidence obtained thereby would be rendered inadmissible. Reese v. State, 49 Ala.App. 167, 269 So.2d 622 (1972). If the warrantless arrest is not based upon probable cause, then use of “forbidden fruit” obtained as a result of the arrest, such as fingerprints or a subsequent in-custody identification, would likewise be rendered inadmissible. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); and Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).