The defendant was initially convicted under the Alabama Death Penalty Act and sentenced to death. That conviction was reversed on appeal. Cook v. State, 369 So.2d 1243 (Ala.Cr.App. 1977), affirmed in part, reversed in part, 369 So.2d 1251 (Ala. 1978), on remand, 369 So.2d 1260 (Ala.Cr.App. 1979). The defendant was retried for the robbery and intentional killing of Lewis Webb and again convicted by a jury which fixed his punishment at death. However, the trial judge refused to accept the death penalty as fixed by the jury and sentenced the defendant to life imprisonment without parole as authorized by Alabama Code 1975, Section 13-11-4.
There is only one issue raised on appeal. Near the scene and time of the crime, witness Joe Otto Goldson observed a man running. He was told that "the guy running up the street had shot Webb and got his money". Goldson headed in the direction the man was fleeing and next saw him in a black and white Thunderbird automobile. On a piece of newspaper Goldson wrote the tag number of the Thunderbird and the words "black with white top". That same day he transferred this information to another piece of paper and gave the newspaper to the police at the scene.
At trial the two pieces of paper to which Goldson had transferred this information were introduced by the State over the defendant's objection: one piece of paper bearing the tag number, the other the words "black with white top".
On appeal the defendant contends that these memorandums were inadmissible because there was no showing that witness Goldson still did not remember the facts after consulting the memorandums.
The rule cited by the defendant is correct. Parsons v. State,251 Ala. 467, 478, 38 So.2d 209 (1948).
 "Under the doctrine of past recollection recorded a witness may testify to a transaction or event on the basis of a written record of his past recollection, although the writing does not refresh his memory and he has no independent recollection of the event or transaction. Under this rule the memorandum may be admitted into evidence as a substitute for the witness's oral testimony. Witness' Use of Memoranda, 476. However before the notes or record are admissible it must be shown (1) that the witness at one time personally knew the facts upon which he is being examined, and that the memorandum is a correct record of them; (2) that the record *Page 1160 
was made soon after the occurrence so that the facts were fresh in his mind; and (3) the original memorandum must be produced or its absence accounted for. Witness' Use of Memoranda, 475-476. Only after this predicate has been laid may the actual memorandum be introduced into evidence."
 Gibson v. State, 347 So.2d 576, 581
(Ala.Cr.App. 1977).
However, this issue was not properly presented at trial and cannot be raised for the first time on appeal.
At trial defense counsel's objections were:
 "MR. WILKINSON: Let me say this, Judge. We object to anything but the original of this. If it's available and I assume that it is.
"THE COURT: Well, that's a memorandum.
"MR. WILKINSON: Yes, sir."
* * * * * *
 "MR. WILKINSON: We would like to ask a question on voir dire before anything is read from the piece of paper so we will know exactly what it is.
"THE COURT: You may. Just to the admissibility."
* * * * * *
"MR. WILKINSON: We do object to it, yes, sir.
"THE COURT: Overruled.
"MR. WILKINSON: We except."
Defense counsel's voir dire of the witness only concerned the fact that the paper Goldson was preparing to read from was a "second piece of paper . . . as opposed to the one (he) gave to the Police Department."
This objection was not proper. The plain error rule applies only to "cases in which the death penalty has been imposed". Alabama Rules of Appellate Procedure, Rule 45A. It is a fundamental and basic principle that the trial judge is required to rule on objections on the grounds specified. Specific grounds for objection waive all grounds not specified, and the trial judge will not be placed in error on grounds not assigned in an objection. Carter v. State, 205 Ala. 460, 462,88 So. 571 (1921); Andrews v. State, 359 So.2d 1172, 1176
(Ala.Cr.App. 1978). "Unless appropriate grounds are stated, objections to the admission of evidence are unavailing on appeal, even though the evidence may have been subject to some ground not assigned." Reese v. State, 49 Ala. App. 167, 171,269 So.2d 622, 625, cert. denied, 289 Ala. 750, 269 So.2d 625
(1972). See also Waters v. State, 360 So.2d 358, 363
(Ala.Cr.App.), cert. denied, Ex parte Waters, 360 So.2d 367
(Ala. 1978); Stemple v. State, 352 So.2d 33, 36 (Ala.Cr.App. 1977). "Only those grounds of objection presented to the trial court can serve as a basis for a reversal of its action."Harris v. State, 57 Ala. App. 558, 329 So.2d 618 (1976).
An objection must fairly and specifically point out the particular grounds on which error is alleged to have occurred. This would apprise the trial judge that he might be reviewed for overruling the objection and allow him to change his mind if he so wished. Harrison v. Baker, 260 Ala. 488, 491,71 So.2d 284 (1954).
 "A specific objection overruled will be effective to the extent of the grounds specified, and no further. An objection overruled, therefore, naming a ground which is untenable, cannot be availed of because there was another and tenable ground which might have been named but was not: . . ."
J. Wigmore, 1 Evidence § 18 (3rd ed. 1940).
The only exception to this rule is where there is no purpose at all for which the evidence could have been admissible. Nicholsv. State, 267 Ala. 217, 100 So.2d 750 (1958) (evidence not admissible for any purpose); Echols v. State, 256 Ala. 389,55 So.2d 530 (1952) (evidence illegal for any purpose); Watkins v.State, 219 Ala. 254, 122 So. 610 (1929) (evidence patently illegal, irrelevant or immaterial).
If the defendant had pointed out to the trial judge the defect in the predicate now maintained, it might have been supplied by *Page 1161 
further proof and the rights of all parties saved. 1 Wigmore § 18.
 "They (counsel) must stand or fall upon the case they made below, for this court is not a forum to discuss new points of this character, but simply a court of review to determine whether the rulings of the court below on the case as presented were correct or not." 1 Wigmore, § 18 at p. 341, quoting from Wolverton v. Com., 7 S. R. 273, 276 (1821).
We have searched the record for error prejudicial to the defendant. The judgment of the circuit court is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.