The defendant was indicted for the capital murders of Marie Woods Vintson and Dennis Robbins in violation of Section 13-11-2 (a)(10), Code of Alabama 1975. A jury convicted him for manslaughter in the first degree for the killing of Ms. Vintson and for murder in the first degree for the killing of Mr. Robbins. Sentences were ten years' imprisonment and life imprisonment respectively. Five issues are presented on appeal.
 I
The defendant contends that the indictment does not allege any aggravating circumstance to support the trial court's submission of the capital murder charge to the jury.
The indictment tracks the language of Code of Alabama, Section 13-11-2 (a)(10), defining the capital offense of "(m)urder in the first degree wherein two or more human beings are intentionally killed by the defendant by one or a series of acts." Clearly, the indictment alleged the aggravating circumstance relied on to elevate a non-capital offense to a capital offense. Ex parteKyzer, 399 So.2d 330, 334-39 (Ala. 1981); Dobard v. State,435 So.2d 1338 (Ala.Cr.App. 1982). Specifically, the aggravation averred in the indictment is found in the phrase "did, by one act or a series of acts, unlawfully and with malice aforethought, intentionally kill" Marie Woods Vintson and Dennis Robbins.
The defendant alleges that Section 13-11-2 (a)(10), under which the indictment was drawn, was not in force at the time of the offense (February 17, 1978). This section became effective on March 7, 1976. Alabama Code Section 13-11-9 (1975).
 II
The defendant's application for treatment as a youthful offender (Alabama Code Section 15-19-1 (1975)) was not denied solely because of the nature of the offense. The record does show that the trial judge stated that he would "not give the reason (for his ruling) because of the nature of the offense."
The record reflects that the trial judge ordered an investigation by the pardon and probation officers of Walker County "for the purpose of determining whether the defendant should be tried and sentenced as a Youthful Offender." The judge's order denying youthful offender treatment reflects that the court conducted a hearing and heard evidence "as presented in support of said application."
Summarizing what we said in Morgan v. State, 363 So.2d 1013,1015 (Ala.Cr.App. 1978), the youthful offender act does not require a formal hearing or investigation and the trial judge is not required *Page 1153 
to state his reasons for denying youthful offender status. Here, it does not affirmatively appear that the decision of the trial judge was arbitrary or made without some examination or investigation. The record provides no basis for overturning the denial of the defendant's request for youthful offender status.Carthon v. State, 419 So.2d 293, 295 (Ala.Cr.App. 1982).
 III
The defendant argues that his inculpatory statement should have been suppressed because it was the fruit of an illegal arrest because the arrest warrant was not supported by probable cause. The trial judge found that "there is probable reason for issuance of arrest warrant and even if there were not probable cause to issue arrest warrant, Officer Cole had in his possession definite knowledge from the statement of Mr. Strickland that would allow him to make an arrest independent of the arrest warrant."
Walker County Sheriff's Investigator Frank Cole obtained a warrant for the defendant's arrest on January 5, 1981, based on information he had received from a "confidential and reliable informant", a portion of which he had corroborated. The informant stated that Jimmy Vintson had told him that the defendant shot Ms. Vintson and Vintson shot Mr. Robbins. Cole verified the fact that Jimmy Vintson had purchased some shotgun shells from Richard Jeans at an unusual hour on the night of the homicides.
However, Cole did not arrest the defendant until January 8th, three days after he had obtained the warrant. In those three days, he obtained additional information which established probable cause to arrest the defendant for murder. Barr v.State, 409 So.2d 976 (Ala.Cr.App. 1981); Knight v. State,346 So.2d 478 (Ala.Cr.App.), cert. denied, 356 So.2d 765
(Ala.Cr.App. 1978); Aaron v. State, 54 Ala. App. 71,304 So.2d 625 (1974); Reese v. State, 49 Ala. App. 167, 269 So.2d 622, cert. denied, 289 Ala. 750, 269 So.2d 625 (1972). That additional information included: (1) a detailed statement from Tommy Strickland, who was present with Vintson and the defendant when the homicides were committed; (2) Ronald Lackey's repudiation of his former statement supplying an alibi for the defendant, Vintson, and Strickland; and (3) toxicologist and pathologist reports of the manner in which the homicides had been committed which confirmed and corroborated Strickland's account of the incident.
After Cole had obtained the arrest warrant but before he arrested the defendant, he had obtained sufficient information to make an arrest without a warrant pursuant to Section 15-10-3
(4), Code of Alabama 1975, authorizing an arrest without a warrant when an officer "has reasonable cause to believe that the person arrested has committed a felony." Seals v. State,282 Ala. 586, 213 So.2d 645 (1968). "Where probable cause for a warrantless arrest exists, the arrest is not invalidated because it was made pursuant to a warrant that turned out to be invalid." United States v. Rose, 541 F.2d 750, 756 (8th Cir. 1976), and cases cited. See also W. LaFave, 2 Search andSeizure 255 (1978).
 IV
Since the defendant's arrest was based on probable cause,Taylor v. Alabama, 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314
(1982), holding that a confession obtained after an illegal arrest is inadmissible, does not apply. Dejnozka v. State,397 So.2d 240, 242 (Ala.Cr.App.), cert. denied, Ex parte Dejnozka,397 So.2d 246 (Ala. 1981).
 V
The defendant argued at trial that his confession was taken in violation of Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because he "was not advised who or what agency would appoint him a lawyer or when the same could be accomplished." On appeal, he contends that Brown v. State,396 So.2d 137 (Ala.Cr.App. 1981), controls.
In Brown, this Court condemned a Miranda warning which was subject to the construction *Page 1154 
that appointed counsel would be available only in the future. We specifically held that, where the accused was not informed that he had a right to refuse answering any questions until such time as he had an appointed attorney, his confession was not made pursuant to an intelligent and voluntary waiver.
The Miranda rights in this case are not subject to the criticism of those in Brown. On two separate occasions the defendant was specifically informed, "If you cannot afford to hire a lawyer, one will be appointed to represent you before being questioned if you wish."
The Miranda warnings given the defendant were not deficient, for they fully informed the accused of his right to consult with an attorney prior to any questioning and did not link the offer of appointed counsel to some future time after interrogation. California v. Prysock, 453 U.S. 355,101 S.Ct. 2806, 69 L.Ed.2d 696 (1981).
 "Prysock thus stands for the proposition that a Miranda warning is adequate if it fully informs the accused of his right to consult with an attorney prior to questioning and does not condition the right to appointed counsel on some future event. A Miranda
warning need not explicitly convey to the accused his right to appointed counsel `here and now', and to the extent that Lathers (v. United States, 396 F.2d 524
(5th Cir. 1968)) and other precedents of this court require such explicit warnings, they are overruled."
 United States v. Contreras, 667 F.2d 976, 979 (11th Cir. 1982).
The warnings in Contreras were not as explicit as those given the defendant in this case.
 VI
Under the circumstances of this case, the trial court did not err in refusing to grant the defendant's motion to be allowed to inspect the notes used by Investigator Cole to refresh his memory when testifying as a witness.
At the hearing on the defendant's motion to suppress his confession held outside the presence of the jury, Investigator Cole testified that his informant told him that Jimmy Vintson told the informant that the defendant shot Ms. Vintson rather than Mr. Robbins. Other evidence indicated that the defendant shot Mr. Robbins.
On recross examination of Cole, defense counsel inquired "one more time", "Did your confidential informant say that Randy Garrett had shot Marie Vintson?" Cole responded, "I would like to have a recess to look over my notes before I answer that. I have some personal notes I would like to look at."
After the recess, Cole testified that he "briefly" used his notes to refresh his memory and stated that his notes reflected "about what" he had already testified to before refreshing his memory on the narrow point in question.
"While it is true that a court's refusal to permit defense counsel to see and examine a memorandum used by the witness on the stand to refresh his memory constitutes reversible error, . . . yet the rule is subject to reason. . . ." Cooks v. State,50 Ala. App. 49, 54, 276 So.2d 634, cert. denied, 290 Ala. 363,276 So.2d 640 (1973). "The right of a defendant to see and examine material used by a witness while on the stand to refresh his recollection is not an unbridled right but is subject to reasonable limitations." Johnson v. State,398 So.2d 393, 395 (Ala.Cr.App. 1981); Russell v. State, 365 So.2d 343,348 (Ala.Cr.App. 1978); Hill v. State, 366 So.2d 296, 313
(Ala.Cr.App. 1978), affirmed on other grounds, 366 So.2d 318
(Ala. 1979). Here, we note that even if the trial judge abused his discretion that error was harmless to the defendant for the simple reason that the probable cause for the warrant had no effect upon the probable cause for the arrest. See Issue III of this opinion. Even excluding the information from the confidential informant, Investigator Cole had substantial and more reliable information upon which to base his determination of probable cause. For this reason, we find no error in the action of the trial judge. *Page 1155 
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.