LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction, in accordance with the verdict of a jury finding defendant guilty of sodomy in the first degree, and sentence to life imprisonment. The indictment charged the violation of Criminal Code § 13A-6-63(a)(1), which provides:
“A person commits the crime of sodomy in the first degree if: He engages in deviate sexual intercourse with another person by forcible compulsion; or, ... ”
The obscenity of the facts as shown by some of the witnesses makes it inadvisable for us to discuss the facts in detail. The defendant and the alleged victim were male inmates of the Calhoun County Jail. There was a fight in the jail among the defendant, the alleged victim and other inmates. Soon thereafter, the defendant and the alleged victim went to the shower. The issue of fact was whether, while in the shower, the defendant forcibly caused the victim to submit to penial penetration of the anus. The alleged victim testified that defendant then and there committed the alleged crime. The defendant did not testify.
I.
By appellant’s first and third issue, appellant challenges the sufficiency of the evidence to support the verdict. Some of the inmates that participated in or observed the fight among the inmates testified in the case. They were not fully in agreement as to what occurred. No witness, other than the alleged victim, testified definitely that the alleged crime occurred. None testified definitely that it did not occur. As appellant argues in his brief, some circumstances narrated by the witnesses tend to show the alleged crime did not occur. Appellant emphasizes the undisputed fact that the alleged victim “did not report the alleged act of sodomy until the morning of May 6, 1982.” According to the undisputed evidence, the fight mentioned above occurred on the afternoon of May 5, 1982. In support of his contention that the evidence was not sufficient to support the verdict of the jury, appellant argues that the victim’s delay in reporting the crime and other circumstances, including the circumstance that the testimony of a physician that upon his examination of the victim after the alleged crime he found evidence of blood in the victim’s rectum, was rendered valueless by reason of the undisputed fact that during the fight prior to the alleged crime, the defendant beat upon the victim to such an extent his rectum was caused to bleed. Defendant argues also that “the alleged victim had a sufficient revengeful motive to justify his accusing the appellant of the act of sodomy” because of the beating. We agree with appellant that these and other circumstances tend to cast some doubt upon the testimony of the alleged victim as to the act of sodomy. Nevertheless, we have no difficulty in concluding that it was within the province of the jury to pass upon the question of defendant’s guilt or innocence. We are unable to say that the evidence was not sufficient to convince the jury beyond a reasonable doubt and to a moral certainty of defendant’s guilt or that the trial court should have granted defendant’s motion for a judgment of acquittal.
II.
As to the issue next under consideration, counsel for appellant states in his brief, inter alia, the following:
*3 “Whether Counsel’s arguing fact not in evidence created such prejudice as to warrant reversal or new trial.
“In his closing argument, the Assistant District Attorney argued and Counsel for the Appellant objected as follows:
“MR. WARREN: Arthur Hardy, stated that he first began bleeding after the sodomy occurred.
“MR. FAGAN: I object, Your Honor, to the fact that the bleeding was before or after that statement of the sodomy.
.“THE COURT: All right, don’t argue anything that’s not offered into evidence (R. p. 65).”
We agree with appellant’s counsel that counsel for the State was not correct in stating that Arthur Hardy had “stated that he first began bleeding after the sodomy occurred.” The undisputed evidence was that Hardy began bleeding before the alleged sodomy occurred. However, we fail to find any error in the court’s ruling on the defendant’s objection to the argument. The court’s ruling may have been somewhat ambiguous. Notwithstanding the ambiguity, it appears that the particular ruling was more favorable to defendant than it was to the State. There is no indication that defendant’s attorney at the time was not satisfied with the court’s statement. He did not request a more definite sustension of defendant’s objection. Whether the jury concluded that State’s counsel was in error in stating that the alleged victim testified that he first began bleeding after the sodomy occurred, we are unable to say, but it appears to us that the jury should have known, and probably did know, that the alleged victim did not so testify. Such being true, no prejudice could have resulted to defendant by reason of the incident. Our view as to this is strengthened by the fact that defendant’s attorney did not make any further request of the court. If defendant was dissatisfied with what the court had said in response to defendant’s objection, defendant’s attorney could and should have requested the court to make a more definite ruling on the matter or to exclude from the consideration of the jury the statement of counsel for the State that the alleged victim had testified that “he first began bleeding after the sodomy occurred.”
In our opinion, no error prejudicial to defendant is to be found in the action of the trial court in response to the objection of defendant’s counsel as to what was said by State’s counsel, “that he first began bleeding after the sodomy occurred.”
III.
The record shows that on February 9, 1983, an order was entered on motion of defendant’s attorney at the time relieving said attorney and appointing another attorney to represent defendant, the attorney who represented him on the trial and continues to represent him on appeal. On February 17, 1983, said attorney filed on behalf of defendant a “Petition for Treatment as a Youthful Offender,” signed by defendant, which set forth sufficient facts to disclose that if the court so decided, the defendant could be tried as a youthful offender, pursuant to Code of Alabama 1975, § 15-19-1, et seq. It was stated in the petition that defendant was nineteen years of age at the time of the alleged crime. It is to be noted that the Youthful Offender Act is excluded from the provisions of § 26-1-1 of the Code, designating the age of majority as 19 years of age instead of 21 years. On the day the trial commenced, March 2,1983, the court entered the following order in the case:
“After consideration, it is ordered by the Court that the Defendant’s application to be treated as a Youthful Offender be and is hereby denied.”
Appellant urges that the action of the court as reflected by its order did not constitute a valid disposition of his application for youthful offender treatment, in that it does not show compliance with the following provision of § 15-19-l(a):
“A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one *4 year or more shall, ... be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him....”
It was made clear in the application for youthful offender treatment that defendant consented to such examination and to a trial without a jury.
Notwithstanding the argument of appel-lee to the effect that the trial court would not upon examination and investigation have determined that defendant should have been tried as a youthful offender, we are convinced that, in accordance with Watkins v. State, Ala.Cr.App., 357 So.2d 156 (1977), cert. denied, Ala., 357 So.2d 161 (1978) and Edwards v. State, 55 Ala.App. 544, 317 So.2d 511 (1974), aff'd, 294 Ala. 358, 317 So.2d 512 (1975), the cause should be remanded to the trial court to investigate and examine the appellant at a hearing and determine whether in its discretion appellant should be tried as a youthful offender. To assure a record finally disposing of this case in this court, a return to the order of remandment shall be made by the trial court in due course.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur, except BOWEN, P.J., who dissents with an opinion in which TAYLOR, J., joins.