Jessie Tucker was convicted by a Baldwin County jury of violation of the Alabama Uniform Controlled Substances Act, Ala. Code § 20-2-1, et seq., for the sale of marijuana. He was sentenced to ten years' imprisonment. On appeal, Tucker raises three issues for our review.
 I
Appellant asserts that the trial court erred in overruling his objections and denying his motion to exclude and motion for a mistrial regarding a non-responsive answer. The witness was Deputy Sheriff Monley, who testified that at the time he made the buy of a bag of green plant material for $25 from the appellant, he was conducting an undercover operation on the eastern shore of Mobile Bay in Baldwin County. He testified that the appellant was sitting in his white Ford Thunderbird in the vicinity of the Fairhope, Alabama, municipal pier. The prosecutor asked Deputy Monley whether he had any reason to single Tucker out for special attention. Monley replied,
 "Yes, sir. It was a pretty well established fact from the local police and the people that I talked with that he was, you know, a violator."
Counsel for the appellant stated,
 "Excuse me, Your Honor. We would object to that testimony and move to exclude it. At this time we would move for a mistrial unless the state represents that it will call whoever it is that this officer may have spoken to and who may, in fact, have made the statement that he uttered. That is rank hearsay and uttered for the purpose of prejudicing this jury and for no other reason."
While appellant now contends that the answer was character evidence directed towards proving his bad character, this was not contended at trial. Objection was made only on the grounds of hearsay.
In Cook v. State, 384 So.2d 1158, 1160 (Ala.Cr.App.), cert.denied, Ex parte Cook, 384 So.2d 1161 (Ala. 1980), the court stated:
 "It is a fundamental and basic principle that the trial judge is required to rule on objections on the grounds specified. Specific grounds for objection waive all grounds not specified, and the trial judge will not be placed in error on grounds not assigned in an objection. Carter v. State, 205 Ala. 460, 462, 88 So. 571 (1921); Andrews v. State, 359 So.2d 1172, 1176 (Ala.Cr.App. 1978). `Unless appropriate grounds are stated, objections to the admission of evidence are unavailing on appeal, even though the evidence may have been subject to some ground not assigned.' Reese v. State, 49 Ala. App. 167, 171, 269 So.2d 622, 625, cert. denied, 289 Ala. 750, 269 So.2d 625
(1972). See also Waters v. State, 360 So.2d 358, 363
(Ala.Cr.App.), cert. denied, Ex parte Waters, 360 So.2d 367 (Ala. 1978); Stemple v. State, 352 So.2d 33, 36 (Ala.Cr.App. 1977). `Only those grounds of objection presented to the trial court can serve as a basis for a reversal of its action.' Harris v. State, 57 Ala. App. 558, 329 So.2d 618 (1976).
 "An objection must fairly and specifically point out the particular grounds on which error is alleged to have occurred. This would apprise the trial judge that he might be reviewed for overruling the objection and allow him to change his mind if he so wished. Harrison v. Baker, 260 Ala. 488, 491, 71 So.2d 284 (1954)."
The answer of the undercover officer was not directed to appellant's bad character, but rather to why he singled him out. The question was not asked to prove the truth of whatever facts might be stated, but rather to establish the reason for action or conduct by the witness. The hearsay objection was inapposite; no other objection or grounds were raised. The court did not err in this respect. *Page 133 
 II
Appellant next asserts that the trial court erred in permitting the prosecution to cross-examine him as follows:
 "Q: Mr. Tucker, I would like to get several things clear in my mind that you said.
 "Mr. Gibson asked you a question about when you first saw Lance Monley and you answered, `When he came to my house to search.' Can you tell me more about that? Why was your house searched?
 "A: Well, when they arrested me on September 30th, they picked me up from where I work, they picked me up there. They had a search warrant and they took me to my house to search my house.
"Q: They had a warrant?
"A: Yes.
"Q: Do you know if anything was found?
 "MR. GIBSON: Excuse me, Your Honor, we respectfully object to that. There has been no charge or proffer made or testimony with respect to any search at this Defendant's home.
 "THE COURT: He's on the stand with cross-examination. I am going to overrule it."
Counsel for appellant contends that the testimony sought to be elicited referred to another crime and, therefore, should not be admissible. The record, however, indicates that the objection was made on a different ground; that being, that there had been no testimony on direct examination as to the search of the appellant's home at the time of his arrest. Even this appears to be incorrect. In response to a question by his counsel, appellant stated, "They took me to my house to search my house."
It is well established that when one party brings out part of a transaction or conversation, the other party may inquire further into the matter or bring out the whole subject for further examination. Logan v. State, 291 Ala. 497, 282 So.2d 898
(1973); Hocutt v. State, 344 So.2d 194, 197 (Ala.Cr.App. 1977). See Ala. Digest, Criminal Law, Key No. 396 (2).
 III
Appellant also asserts that the court erred in stopping the cross-examination by appellant's counsel of the state's witness who identified the green plant material as being marijuana. Evidently, the lab technician had suffered a nervous breakdown between the time of examining the substance and the time of trial. Counsel pursued this line of questioning until the court eventually threatened to hold him in contempt.
In Garrett v. State, 268 Ala. 299, 105 So.2d 541 (1958), the court refused to allow cross-examination as to treatment for a nervous or mental condition. The court held this was a matter within the trial court's discretion. The court said that questions "which merely tend to show a mental condition or mental treatment at a time prior to the trial, or not contemporaneous to the matter being testified about, are not admissible as impeaching the credibility of a witness." 105 So.2d at 547. See also, Stewart v. State, 398 So.2d 369 (Ala.Cr.App.), writ denied,398 So.2d 376 (Ala. 1981). The extent to which cross-examination is to be allowed is within the discretion of the trial court. It should be disturbed on appeal only in the case of gross abuse.Renfroe v. State, 382 So.2d 627 (Ala.Cr.App.), writ denied, Exparte Renfroe, 382 So.2d 632 (Ala. 1980); Rupert v. State,54 Ala. App. 578, 310 So.2d 501 (1975). The court did not err in preventing counsel from asking questions along this line.
In light of the foregoing, this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 134