Stanley Dexter Talley was indicted for, and convicted of, the offense of attempted murder. The appellant received a ten-year sentence which was suspended by the trial judge, provided the appellant spend two years at Frank Lee Correction Center and make restitution in the amount of $10,219.21.
On the evening of November 7, 1985, Jerald Talley, the appellant's nephew, was in the parking lot of McDonald's Restaurant on West Fairview Avenue in Montgomery, Alabama with a group of other young males. At some point, a dispute broke out between Jerald Talley and Myron Thomas. During the argument, Thomas told Jerald Talley that he was "going down."
About this time, the appellant drove by and parked his car in the Super Foods parking lot which is next to McDonald's. Jerald Talley ran to the appellant's car, grabbed the car keys, and opened the trunk. He then took a shotgun out of the trunk and pointed it at Thomas. Thomas grabbed for the gun and it went off. Jerald Talley fell to the ground but was not wounded.
The appellant, who thought his nephew had been shot, then shot Thomas with another shotgun. Thomas was wounded in the abdomen and stayed in the hospital for one week.
 I
In his motion for discovery, the appellant made a request for: "any item of evidence which is or may be exculpatory to the Defendant with regard to the charge against him." (R. 239)
Defense counsel asserts that prior to trial, he learned of the existence of photographs in the possession of the Montgomery Police Department, which showed blood on Jerald Talley's face shortly after the shooting in question. Defense counsel asserts that several requests were made to the district attorney in an attempt to obtain these photographs for use by the defense *Page 742 
in support of its claim of self-defense and defense of Jerald Talley.
However, the record does not show that any such requests were made or that these requests were brought to the attention of the trial court.
In any event, the appellant contends that these photographs were exculpatory and their non-disclosure by the State violated the principles set out in Brady v. Maryland, 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
"The holding in Brady v. Maryland requires disclosure only of evidence that is both favorable to the accused and 'material either to guilt or punishment.' 373 U.S., at 87,83 S.Ct., at 1196. See also Moore v. Illinois, 408 U.S. 786, 794-795,92 S.Ct. 2562, 2567-2568, 33 L.Ed.2d 706 (1972). The Court explained in United States v. Agurs, 427 U.S. 97, 104,96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976): 'A fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial.' " United States v.Bagley, 473 U.S. 667, 105 S.Ct. 3375, 3379-80, 87 L.Ed.2d 481
(1985).
The Supreme Court in Bagley went on to say that ". . . a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." Bagley, 473 U.S. at ___, 105 S.Ct. at 3381. The Court held that "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bagley, supra, 473 U.S. at ___, 105 S.Ct. at 3384.
Under the facts of the instant case, we have no doubt that the result of the appellant's trial would have been the same even if the photographs had been given to defense counsel.
During the course of the trial, Investigator R.W. Davis, of the Montgomery Police Department, as well as Jerald Talley and the appellant, testified that Jerald Talley had blood on his face on the night in question. Thus, the use of the photographs by the defense could have only bolstered these witnesses' testimonies. We are unconvinced that the use of the photographs by the defense would have changed the jury's verdict in this case. Therefore, we conclude that the alleged suppression of the photographs does not undermine confidence in the outcome of the appellant's trial, or that a different result would have been reached by the jury.
 II
On the day of the appellant's arraignment, the following order was entered by the trial court:
 "This day came the State by its District Attorney and came also the defendant in his own proper person and by his attorney, Honorable John F. Cameron, and it appearing to the court that on a former day of this court, the defendant requested that he be considered under the Youthful Offender Act, and the cause was continued for investigation; and this day the defendant now in open court with his attorney is hereby not accepted under the Youthful Offender Act. And the defendant now being duly arraigned upon the indictment for his plea thereto says he is not guilty and not guilty by reason of insanity and the cause is set for trial on February 21, 1986." (R. 230)
The appellant contends that the trial court improperly denied his request for youthful offender status because the trial court's order does not reflect that an investigation and examination of him was conducted as required by § 15-19-1(a), Code of Alabama 1975.
A trial court's order denying youthful offender treatment, "should reflect that some investigation, examination or inquiry was had of the youth before the request was denied." Shula v.State, 465 So.2d 448, 451 (Ala.Cr.App. 1984), reversed on other grounds, Ex parte Shula, 465 So.2d 452 (Ala. 1985) (citingWatkins v. State, 357 So.2d 156 (Ala.Cr.App. 1977), cert. denied, 357 So.2d 161 (Ala. 1978)). "Here, it does *Page 743 
not affirmatively appear that the decision of the trial judge was arbitrary or made without some examination or investigation. The record provides no basis for overturning the denial of the defendant's request for youthful offender status.Carthon v. State, 419 So.2d 293, 295 (Ala.Cr.App. 1982)."Garrett v. State, 440 So.2d 1151, 1153 (Ala.Cr.App.), cert. denied, 440 So.2d 1151 (Ala. 1983). But see Wynn v. State,480 So.2d 1 (Ala.Cr.App. 1983).
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.